## STEVENS, *Appellant, v.* CRANE.

### Division One, June 5, 1893.

1. **Instructions:** WAIVER OF ERROR. A party cannot complain of an error in an instruction which he himself invited.

2. **Evidence:** PLEADING. Plaintiff brought suit against defendant to recover one half of commissions received by defendant as trustee of an estate and which defendant had agreed to pay plaintiff for the latter's service in and about the estate. On the trial plaintiff introduced in evidence defendant's ledger account showing the receipts and disbursements on account of the estate and the amount of the commissions with which defendant credited himself. The defendant then

in rebuttal of the evidence as to the amount of defendant's commissions, read in evidence a petition and annexed statement in a suit subsequently brought against defendant, by plaintiff and another as successors to defendant in his trust on the latter's bond as said trustee for breach thereof. *Held,* that the admission of this last evidence so offered in rebuttal was error.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*W. B. Thompson* for appellant.

(1) The petition states a good cause of action on a breach of written contract set forth in the petition which was performed according to its terms by the plaintiff and the condition of its approval by the circuit court, as provided, was waived at the time of its execution, and it was performed with such waiver from its date to the date of the breach without any objection on the part of the defendant. *Dobbins v. Edwards,* 18 Mo. App. 307; *Rice v. Railroad.* 63 Mo. p. 321; *Melton v. Smith,* 65 Mo. 315; *Pond v. Wyman,* 15 Mo. 116; *Steinberg v. Gebhardt,* 41 Mo. 519; *Nearns v. Horbert,* 25 Mo. 352; *Stump v. Mueller,* 17 Mo. App. 290; *Little v. Mercer,* 9 Mo. App. 218; Benjamin on Sales [4 Ed.], 566; *Baker v. Railroad,* 19 Mo. App. 321. (2) The performance of a particular thing is always waived by the acceptance of a substitute for such particular thing and the payment of money to the plaintiff for services rendered up to the date of his discharge, which was conceded at the trial, answers every argument made by defendant in error. *First.* The waiver of approval by the circuit court of the contract was testified to by that plaintiff. *Second.* The defendant admitted that he had paid money to the plaintiff under the contract. *Third.* The uncontra-

Stevens v. Crane.

dicted facts in the case disclosed that the contract was performed with a waiver for three years, until March, 1883, when plaintiff was discharged, and such acts of both parties constituted a full and complete confirmation and ratification of the contract. Bigelow on Fraud, p. 184; *Dinsmore v. Livingston Co.*, 60 Mo. 241; *Estel v. Railroad*, 56 Mo. 282; *Dobbing v. Edmonds*, 18 Mo. App. 307. (3) A contract for personal services is broken by a discharge of the party employed, and he can recover on the contract whatever damages he has sustained from the date of the discharge to the date of bringing suit, less what he has earned or could earn during this period. *Pond v. Wyman*, 15 Mo. 175 and 183; 19 Cent L. J. 342; Wood on Master and Servant, pp. 238, 237 and notes; *Koenigkramer v. Glass Co.*, 24 Mo. App. 124; *Stevens v. Crane*, 37 Mo. App. 487. The verdict of the jury is clearly erroneous because there was no evidence to sustain any deduction by reason of the plaintiff being engaged in any employment, or that he could have earned any money in a similar employment. This is necessary under all the decisions. *Stevens v. Crane*, 37 Mo. App. 487; *Koenigkramer v. Glass Co.*, 24 Mo. App. 124; *Miller v. Boot and Shoe Co.*, 26 Mo. App. 57. (4) The court erred in admitting the record and suit of Dillon's trustee against Crane.

*E. W. Pattison* for respondent.

(1) Appellant himself fixed the theory upon which damages were to be assessed in this case and cannot complain that the jury followed it. (2) The court did not err in admitting in evidence the record of the case brought by the present trustees of Dillon against the appellant.

BRACE, J.—In June, 1880, the defendant, Newton Crane, was appointed by the circuit court of the city of St. Louis trustee under the will of Patrick M. Dillon, deceased, duly qualified as such, and thereupon entered into the following contract with the plaintiff:

"ST. LOUIS, Mo., June, 1880.

"It is hereby agreed between Newton Crane, Esq., and Charles D. Stevens, that the latter is hereby appointed agent of the former by and with permission of the circuit court of the city of St. Louis, and at all times subject to the approval, orders and decrees of said court to attend to such duties and perform such services pertaining to the care and management of the estate of Patrick M. Dillon, deceased, as shall be directed by said Crane as trustee of said estate during the time said Crane shall continue to be such trustee, and as long as said Stevens shall well and faithfully perform such duties as may be required of him by said trustee. In payment of which services rendered, said Stevens is to receive one-half the compensation of said trustee.

(Signed)     "NEWTON CRANE,
             "CHARLES D. STEVENS."

Under this contract plaintiff performed service until March, 1883, when he was discharged by the defendant; and thereafter, on the twenty-first day of January, 1885, he instituted this suit, claiming that such discharge was wrongful and without cause and that he was damaged thereby to the amount of $3,000.

In the court below the plaintiff had a verdict and judgment for $66, from which judgment he appeals and asks for a reversal of the judgment on account of the inadequacy of the damages, superinduced as he claims by errors of the court, in admitting illegal

evidence, and in giving an erroneous instruction on the measure of damages.

I.   The instruction complained of is as follows: "The court instructs the jury that if they find from the evidence that plaintiff performed the services as agent of defendant as trustee of the estate of P. M. Dillon, deceased, as required by defendant up to the time he was discharged by the defendant, and they further find that he was discharged without good or sufficient cause, as defined in other instructions, by defendant, from the employment, then the jury will find for the plaintiff and assess his damages at one-half of any and all commissions received by defendant from the date of said discharge until the filing of this suit, January 21, 1885, with six per cent. interest thereon to this date from said January 21, 1885; unless the jury further find from the evidence, that during the period between the time plaintiff was discharged and the bringing of this action he earned any money, or you believe from the evidence he might by reasonable effort have been able to earn any money since that time, and if the jury believe from the evidence that plaintiff did earn money or by reasonable diligence would have earned money during said period of time, then the jury will deduct the amount so earned; or that by reasonable diligence would have been earned by plaintiff as aforesaid from the the one-half of said commissions as aforesaid, and on the balance, if any, after making said deductions, compute interest at the rate of six per cent. per annum from said January 21, 1885."

There was some evidence tending to show that the plaintiff had or could have earned some money in the line of his occupation, in a business of as high a grade as that from which he was discharged, and the court was warranted in giving an instruction on that branch of the case.   This the plaintiff conceded by asking an

instruction on this branch of the case, in substance the same as that given by the court, which was in fact the instruction asked by the plaintiff with some slight verbal modifications which in no way changed its force or meaning.   Conceding then that there was error in this instruction in not limiting the reduction to money that had or might have been earned by the plaintiff in similar employment or in the line of his occupation, it is an error which he invited and of which he cannot complain.

II. To show the amount of damage sustained, the plaintiff introduced in evidence the ledger account kept by the defendant as trustee, with the estate showing his receipts and disbursements on account of said estate for the years 1883 and 1884, by which it appeared that he credited himself with commissions retained in the year 1883, amounting to the sum of $1,933.66, and for the year 1884, with commissions amounting to the sum of $1,866.44.   It does not appear whether the commission account as thus stated was ever approved by the circuit court.   But it seems that long after the present suit was instituted the defendant was removed from his position as trustee of said estate by the said circuit court for his refusal to give additional security upon the death of one of his sureties, and that the plaintiff and one John A. Dillon were thereupon appointed by said court trustees of said estate in his stead.   That afterwards a suit in the name of the state at the relation and to the use of the plaintiff and the said John A. Dillon, as such trustees, was instituted in said circuit court against the defendant and the sureties on his bond to recover the sum of $22,611.84 damages for alleged breaches of the conditions of said bond; the breaches assigned in the petition being:   ''In failing to pay over and account for, to the relators, the full amount of money belonging or due to the said estate,

in making excessive or unlawful charges for commission claimed by said Crane," etc., etc. And with the petition was filed an itemized statement of the several amounts going to make up said aggregate, among which was one item, December 22, 1883, "overcharge for commission $225.38," and one item, "December 31, 1884, overcharge for commission $118.23." The petition was signed "Lee & Ellis, attorneys for plaintiffs."

The defendant offered this petition and statement in evidence, and over the objections of the plaintiff it was admitted. The defendant excepted, and assigns the admission of this evidence as error.

While it was entirely competent for the defendant to meet the *prima facie* case made by the evidence of the plaintiff of the amount the defendant had retained as his commissions out of the estate in his hands, by legitimate proof that there was a mistake or overcharge in that account; that it had been disallowed by the court; that he had refunded a part of the commissions there charged, or was liable to be compelled to refund them to the extent of such overcharge or mistake, for the purpose of mitigating the plaintiff's damages to that extent, yet the petition and statement in the cause aforesaid, followed by no judgment, was no proof or evidence tending to prove such overcharge. The allegation was of a conclusion dependent on the proof of facts for its verity, and not of a fact to be testified to as of personal knowledge. It, therefore, could not be treated as an admission of a fact. Besides it was the allegation of the trustees of the estate of Patrick M. Dillon in their official capacity made by their attorneys, and not the admission or declaration of the plaintiff, and could not be treated as his declaration or admission, even if it was an admission of a fact in a personal suit against the defendant.

This evidence was clearly incompetent, and obviously prejudicial to the plaintiff's case. And for the error of the trial court in admitting it, the judgment will be reversed, and the cause remanded for new trial. All concur.