WRIGHTSMAN, Appellant, v. HERRICK, Respondent.

St. Louis Court of Appeals, March 31, 1908.

EVIDENCE: Abandoned Pleading: Pleading of Third Party.  In an action for the value of certain merchandise claimed to have been shipped by the plaintiff to the defendant, it was error for the trial court to permit the introduction in evidence by the defendant of the answer in another case brought (and subsequently dismissed) by the same plaintiff against the railroad company, which carried the goods, for the loss of the same goods, where such answer contained averments that would be prejudicial to the plaintiff.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

REVERSED AND REMANDED.

*Addison Brown* and *J. P. McCammon* for appellant.

(1) The court erred in admission of testimony offered by defendant. In admitting the pleadings consisting of the petition and the answer of the defendant in plaintiff's suit against the railroad company for the value of the same property. That an abandoned pleading is admissible in any case is a holding of the courts of this State comparatively recent. Murphy v. Type Foundry, 29 Mo. App. 544. (2) To hold, as the court did in this case, that the pleading of a third person—the opposing party in another action—could be read as evidence against the plaintiff is so without reason or precedent that one can scarcely adduce solemn argument against it. Mahan v. Brinell, 94 Mo. App. 171; Dowzelot v. Rawlings, 4 Par., 58 Mo. 77; Cox v. Whitney, 9 Mo. 316; Stephens v. Crane, 116 Mo. 413.

GOODE, J.—Plaintiff sued to recover the value of a box of household goods, chiefly bedclothing, alleged to have been lost by defendant. The goods were shipped by plaintiff from Ozark, Missouri, to Springfield, Missouri, over the St. Louis & San Francisco Railroad Company, consigned to defendant, who was to store them until called for by plaintiff. The lost box was one of three, the other two having been accounted for by defendant. In the first instance the plaintiff instituted an action against the railroad company for the loss of the box, believing it never had been delivered by the railroad company to defendant. But before said cause came to trial, plaintiff's attorney, having ascertained facts which convinced him the box was delivered by the railroad company to defendant, dismissed the cause and instituted the present action. At the trial defendant's counsel offered in evidence the pleadings in the abandoned case against the railroad company. These pleadings were objected to and especially the answer of the railroad company, as not containing admissions against in-

terest by plaintiff and hence incompetent. The objection was overruled, an exception saved, the answer admitted and this ruling is assigned for error on the appeal. We know of no theory on which it was admissible, as it was an adverse pleading filed against the plaintiff by a party she had sued. Its averments would not constitute admissions against interest by the plaintiff. [Stevens v. Crane, 116 Mo. 408, 22 S. W. 783.] It is on the theory that it contains admissions against interest that an abandoned pleading is received in evidence against the party who filed it. [Walser v. Ware, 141 Mo. 443, 464, 42 S. W. 928.]

We have been in some doubt as to whether the averments in the answer of the railroad company could have influenced the jury against plaintiff. Said answer contained a general denial which, in denying the railroad company had ever received the box, was favorable to the plaintiff's present action. But the denial was followed by a special plea founded on the bill of lading and providing that in case of loss of any of the property, the value of the contents of the lost box should be fixed at $5 per hundredweight and no more. The railroad company set up this clause of the bill of lading and followed it by an averment that if the box was not delivered by the company to Herrick, the defendant in this suit, plaintiff should be limited in her recovery against the railroad company to $5 a hundredweight, or $10 in all, it being alleged the box only weighed two hundred pounds. As a whole the answer was of such a nature as to support the contention of Herrick in the present case, that the railroad company never delivered the box in controversy to him, which is the gravamen of his defense.

The judgment is reversed and the cause remanded. All concur.