The towns of WINCHESTER and COLEBROOK *against* HINSDALE and others:

### IN ERROR.

Where the county court, on a general remonstrance to the report of a committee laying out a highway, found, that a part of the road, as laid out by the committee, was of common convenience and necessity, and established such part, disapproving of the residue of the report; that judgment was subsequently reversed, on the ground that the county court had no power to adopt a part of the road reported and reject the residue, and the cause was remanded to the county court, to be proceeded with according to law; that court, on

a second hearing, found, that the road, as prayed for in the petition and as laid out by the committee, was of common convenience and necessity, and thereupon established such road; it was held, that the latter proceeding was legally correct.

Upon a former writ of error between the same parties, the judgment of the county court was reversed, upon the ground that the statute law relative to the laying-out of highways, required, that on the report of a committee finding the road to be of common convenience and necessity, the court must adopt or reject the entire road as reported, and could not adopt a part and reject the residue. Upon that reversal, the cause was remanded to the county court, with directions to proceed therein according to law. 12 *Conn. Rep.* 88. 101. At the term of the county court in *October,* 1837, it was re-entered in the docket of that court, and continued to the next term, (*December,* 1837,) when the parties appeared, and were at issue as to the truth of the allegations contained in the remonstrance filed in *December,* 1834. The county court having fully heard the parties thereon, found, that such allegations were not proved and were not true ; and that the allegations in the petition were proved and were true ; and that the road as prayed for in the petition, and as laid out by the committee, was of common convenience and necessity. The report of the committee was thereupon accepted ; and the whole road, as laid out by that committee, was established. The respondents thereupon brought a writ of error in the superior court ; which was reserved for the consideration and advice of this court.

*W. W. Ellsworth* and *Church,* for the plaintiffs in error, contended, That it was the duty of the county court, when the cause was sent back to them, to render the appropriate judgment upon the report and finding; and as it appeared from the finding, that the whole road was not of common convenience and necessity, the appropriate judgment was, that the petitioners take nothing by their petition. The court erred in trying the issue over again, and finding facts inconsistent with those previously found, and then rendering judgment upon the last finding, regardless of the first, which had never been vacated.

*T. Smith,* for the defendants in error, remarked, 1. That

*Litchfield,*
*June, 1839.*

*Winchester &*
*Colebrook*
*v.*
*Hinsdale.*

the course pursued, by the county court, on the entry of the cause after reversal, was one which *justice* and *propriety* required. The court had never passed upon the question whether the *whole road* ought to be accepted or rejected. The public inconvenience resulting from the rejection of the whole report, might, in the judgment of the court, greatly over-balance the evil of an injudicious location of a part of the road ; and in such case, it would doubtless be their duty to accept the report without qualification.

2. That by the former finding of the county court, (as well as by the recent one,) the remonstrance "was not proved." 12 *Conn. Rep.* 89. Consequently, it was put out of the case ; and the petitioners stood upon the same ground as though no remonstrance had been filed. It was then the duty of the court to accept the report *as a matter of course ;* and when the cause was remanded, judgment might have been entered up at once establishing the whole road. And if the court saw fit to try again the question of fact as to the truth of the remonstrance, and again found it *not proved and not true*, the plaintiffs in error have nothing to complain of.

3. That the clause disapproving of a part of the road, admitting it to be a finding, is not to be regarded, because it does not respond to the issue. A finding, to be of any validity, must be *direct*, and cannot be made out by argument or inference. *Co. Litt.* 227. a. 3 *Wend.* 672. per *Walworth*, Chancellor. 3 *Pick.* 125. per *Wilde*, J. *Patterson* v. *The United States*, 2 *Wheat.* 221. *Bishop* v. *Kaye*, 3 *Barn. & Ald.* 605.

4. That that part of the record, which rejects the report as to part of the road, and disapproves of so much of the highway as is therein described, is not a finding, but an *adjudication*, which has been reversed and annulled.

*P. Miner* was to have argued on the same side, but was prevented by sickness. (*a*)

SHERMAN, J. The only question now presented, is, whether the county court have erred in their proceedings since the

(*a*) This sickness proved fatal. He died at his residence in *Litchfield, September* 16th, 1839, at the age of sixty. *Integer vitæ scelerisque purus.*

former reversal. As this court decided, that the county court had no power to adopt a part of the road reported, and to reject the residue, so much of their proceedings as were at variance with this rule, and no more, were annulled. It then became their duty to begin *de novo* at the point to which the former record was vacated. Where this point is, constitutes the question now submitted to the court.

<i>Litchfield,</i><br>June, 1839.<br>Winchester &amp;<br>Colebrook<br><i>v.</i><br>Hinsdale.

The plaintiffs in error insist, that the county court, by rejecting a part of the road, *found* that part not to be of common convenience and necessity, and consequently, erred in accepting and approving the whole. It is not necessary to decide, whether a rejection of part of the road involves a sufficient finding of the fact that the part thus rejected was unnecessary ; for it was not competent for the county court to find that fact. It was not put in issue. A remonstrance denying the necessity of a part of the road only, would be bad on demurrer; for it would present to the court a question not within their cognizance. On a general remonstrance, putting the whole in issue, as in this case, it would be equally incompetent for the court to divide the question. The issue, by the statute, is indivisible ; and a finding, however formal, that a part only of the road is not of common convenience and necessity, would be erroneous, and within the judgment of reversal. The county court, therefore, in making the enquiry into the common convenience and necessity of the whole road, occupied no ground which was not laid open, by the decision of this court.

I would, therefore, advise the superior court, that there is no error in the judgment complained of.

In this opinion the other Judges concurred.

Judgment affirmed.