## J. C. WILSON v. THE STATE.

### No. 3765.   Decided December 4, 1907.

**1.—Burglary—Statement of Facts—Twenty-Day-Order.**

Where upon appeal from a conviction of burglary the statement of facts was filed on the 30th of July, and the trial court adjourned on the ninth of said month, and there was nothing to indicate that the failure to have the statement filed, arose from any fault of the trial judge, the same could not be considered on appeal. Attention is called to the Act of the Thirtieth Legislature in regard to preparing statement of facts.

**2.—Same—Practice on Appeal—Charge of Court.**

Unless the supposed error is of that character and degree which would be detrimental to appellant's case and not authorized by any state of facts provable under the allegation of the indictment, objections to the court's charge cannot be considered in the absence of a statement of facts.

**3.—Same—Charge of Court—Circumstantial Evidence.**

Where upon trial for burglary, the charge of the court on circumstantial evidence was in accordance with the authority laid down by this court there was no error. Following Smith v. State, 35 Texas Crim. Rep., 618.

**4.—Same—Argument of Counsel—Withdrawal.**

Where upon trial for burglary the argument of counsel was based on the evidence, and besides was not of that serious nature to have been injurious to

the rights of defendant, after it was withdrawn by an instruction of the court, there was no error.

**5.—Same—Practice on Appeal—Motion For Rehearing.**

Where objection to the court's charge was not raised by bill of exceptions or motion for new trial, but was made for the first time in the motion for rehearing in the appellate court, the same will not be considered, although the charge may have been erroneous.

Appeal from the District Court of Bastrop. Tried below before the Hon. Ed. R. Sinks.

Appeal from a conviction of burglary; penalty, eleven years imprisonment in the penitentiary.

The opinion states the case.

*O. Dickens,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—The law provides that a statement of facts may be filed after the adjournment of the term, provided an order is obtained to that effect, but the statement must be filed within twenty days. This was the law before the Act of the Thirtieth Legislature, approved May 25, 1907, and which took effect ninety days after adjournment. By section 14 of the Act of the Thirtieth Legislature, it is provided that a statement of facts may be filed within thirty days after the adjournment. This law, however, did not go into effect until the 24th day of August, 1907, and this appeal, therefore, is under the old law, and the statement of facts not having been filed within the twenty days, the State contends that the same can not be considered by this court. If we exclude the day of adjournment, then the statement of facts would have to be filed on the 30th, but the statute using the word within twenty days, makes the last day in which the statement of facts can be filed the 29th day of July, 1907. The State, therefore, moves to strike out the statement of facts.

Again, if appellant should attempt to bring himself within the act of the last Legislature giving thirty days within which to file a statement of facts, then said statement of facts cannot be considered, because by section 5 of said act, the law provides that the testimony, as contained in the transcript, shall be in narrative form. The statement of facts that accompanies this record comes here in questions and answers, and therefore can not be considered.

The fourteenth ground of the motion complains that the court charged on circumstantial evidence, because he claims that the charge failed to tell the jury that the circumstantial evidence must exclude to a moral certainty any other reasonable hypothesis other than the guilt of the defendant. Now the State insists that the charge given by the court was equivalent to that in this that the court says, "The circumstances taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the accused and no other person committed the offense."

· DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary. The statement of facts was not filed within the time allowed by law. Court adjourned on the 9th of July, and the statement of facts was not approved by the district judge until the 30th, and there is nothing before the court to indicate that the failure to have the testimony filed in time arose from any fault on his part. We would observe, in passing, that this statement of facts is rather voluminous; is by questions and answers. We call attention to the act of our last Legislature in regard to preparing statement of facts on appeal to this court to avoid complications on such appeals.

There are some matters urged for reversal in regard to the charge of the court, and omissions to charge, etc., which questions cannot be reviewed in the absence of the evidence. Where errors of commission or omission in regard to the court's charge are urged, in the absence of the evidence this court will not review unless the supposed error was of that character and degree which would be detrimental to appellant's case and not authorized by any state of facts provable under the allegations of the indictment. These errors are not of that character, as we view them.

The charge on circumstantial evidence is criticised, but the same we think has been settled adversely to appellant in Smith v. State, 35 Texas Crim. Rep., 618.

The exception reserved to the argument of counsel, as explained by the court, shows no such error as would require a reversal.

In regard to the argument of private prosecuting counsel, Mr. Maynard, the court qualifies this bill by stating that the matters commented on by counsel were introduced in evidence. The bill of exception reserved to the argument of the district attorney is qualified by the court, in which it is stated Mr. Jones withdrew all the comment from the jury and the court instructed them to disregard it. We believe the comments were not of that serious character, in the face of this qualification of the bill, that would require a review.

As the record is presented to us, we find no such matters as require a reversal of the judgment and it is therefore affirmed.

*Affirmed.*

Henderson, Judge, absent.

ON REHEARING.

December 4, 1907.

DAVIDSON, PRESIDING JUDGE.—On a former day of this term the judgment herein was affirmed. Motion for rehearing is filed alleging the court erred in not considering the record. If this applies to the statement of facts, the court did not consider it for reasons stated in opinion, which we deem unnecessary to review.

It is claimed, as a second proposition, that the court erred in not considering defendant's several bills of exception. There are two bills con-

tained in the record independent of the statement of facts Nos. 7 and 8, reserved to argument of State's counsel. An inspection of the original opinion will show that these matters were passed on. We have reviewed these bills again and are of the opinion, as we were before, that they are not of sufficient importance to require a reversal. If the argument is of such a vicious character as tends to bring about a conviction, or the enhancement of punishment if the party should be guilty, and this is made to appear, it might be sufficient to justify a reversal of the judgment, although such argument may have been withdrawn from the jury and they instructed to disregard it, but we do not think the character of argument contained in the bill comes within that line of authority.

The only exception reserved to the court's charge is in regard to circumstantial evidence, which was treated in the opinion and we have reviewed it again, and think we were correct under the authorities cited.

There are some exceptions to the failure of the court to charge the law applicable to certain phases of the testimony, which is asserted in the motion for a new trial to have been omitted, but there are no bills presenting this matter and the statement of facts not being before us, we do not know whether these omissions were wrong or not. The presumption is that the action of the trial court is correct unless it be shown to be otherwise on appeal.

In the motion for rehearing appellant for the first time complains of the following charge: "If you believe from the evidence that a watch was stolen from said house, and you further believe from the evidence that defendant purchased said watch, you will find him not guilty." In the first place, under the construction placed on article 723, Code Criminal Procedure, it is too late to raise errors on the charge for the first time on appeal. This question was not called to the attention of the trial court either by bill of exceptions or exception in motion for a new trial, but we are of opinion that the charge is correct if the State relied upon the possession of a watch that may have been stolen from the house as a fact to connect appellant back with the breaking and if he was found in possession of the watch taken from the house recently after the breaking of the house, it would be evidence going to show that he was the party who entered the house. If he gave a statement by way of explanation of his possession showing that he purchased it or he introduced evidence to the effect that he purchased it, the court should have charged as he did; at least the court should have instructed the jury that if they should find from the testimony that appellant purchased the watch or had a reasonable doubt of that fact they should acquit him. We have commended this character of charge heretofore, but as before stated, it cannot be considered because no exception was reserved, and it is for the first time suggested in the motion for rehearing.

As the record is presented to us we do not believe there is any sufficient merit in the motion for rehearing to set aside the former affirmance, and the motion for rehearing is overruled.

*Overruled.*

Henderson, Judge, absent.