### BURNETT CORNWELL v. THE STATE.

#### No. 710.    Decided November 23, 1910.

Rehearing Denied February 8, 1911.

**1.—Murder—Evidence—Hearsay—Self-Serving.**

Upon trial of murder there was no error in excluding testimony that when defendant was informed of the death of the deceased he stated that he was sorry he was dead and that he did not intend to kill him. This was some ten hours after the homicide after defendant had gone home, and was hearsay and self-serving.

**2.—Same—Charge of Court—Bill of Exceptions.**

Where, upon appeal from a conviction of manslaughter, the complaint to the court's charge on provoking the difficulty was that it was not clear and had the effect and was calculated to mislead the jury, the same was too general to be considered. Following Holmes v. State, 55 Texas Crim. Rep., 331, and other cases.

**3.—Same—Charge of Court—Aggravated Assault—Invited Error.**

Where, upon trial of murder, the defendant induced the court by requested charge, on a given state of facts which would have made him guilty of aggravated assault, to instruct the jury to acquit him, he was not in condition after a conviction of manslaughter on appeal to complain that the judgment should be reversed because the court gave at his instance a charge for an acquittal instead of an instruction to convict for aggravated assult. Davidson, Presiding Judge, dissenting.

**4.—Same—Charge of Court—Practice on Appeal.**

Where, upon appeal from a conviction of manslaughter, the record clearly showed that appellant in no way complained of the charge in the lower court, to which he objected on appeal, the matter could not be reviewed.

Appeal from the District Court of Bosque. Tried below before the Honorable O. L. Lockett.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Kay & Mayfield* and *Dillard & Word,* for appellant.—On question of court's charge on manslaughter and failure to charge on aggravated assault: Western U. Tel. Co. v. Bowen, 81 S. W. Rep., 27; Missouri, K. & T. Ry. Co. v. Eyer, 70 S. W. Rep., 529.

*John A. Mobley,* Assistant Attorney-General, for the State.—Cited cases in opinion.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction had in the District Court of Bosque County on the 11th day of April of this year, in which appellant was found guilty of manslaughter and his punishment assessed at confinement in the penitentiary for a period of three years.

The evidence shows that appellant and the deceased, John Scarborrough, were, before the night of the fatal difficulty, good friends.

They were both young men, the appellant being the younger of the two and much the smaller of the two. The facts in the case briefly show that on the 21st day of December, 1909, the parties attended an entertainment at the house of one Latham; that those present as guests were in one room of the house which was lighted by one lamp; that in the adjoining room Mr. Latham and some members of the family were seated, in which room there was an open fire; that during the evening some one blew out the light; that it was relighted, and after this appellant blew out the light as often as twice and probably three times; that after he had done so the first time the deceased protested against the light being extinguished, though in no particular words of anger, and without speaking directly to appellant. Appellant persevered, however, and blew out the light again, and probably twice, after such protest; that during this time one of the witnesses testifies that appellant took his knife from his pocket and opened it, and returned same thus opened to his hip pocket. Another witness speaks of the fact that appellant while in the house took his knife from his pocket, but it does not appear from his testimony distinctly that at this time the knife was open. Soon after the light had been put out the last time the appellant asked Scarborrough to come out doors. Scarborrough went out doors with him, and they went just outside the yard fence, where a quarrel ensued between them in which, among other things, appellant, according to the testimony of some of the witnesses, said to Scarborrough if he didn't like what he said, to get on him. That at this juncture Scarborrough struck him with his fist and knocked him partly down, and was standing over him in this position striking or striking at him. The evidence further shows that while in this position appellant, with his knife, cut Scarborrough on the legs, one of the wounds severing the femoral artery, from which he bled to death in a few minutes.

The court submitted the issues of murder in the first degree, murder in the second degree and manslaughter. He also gave a charge on the doctrine of provoking the difficulty, and further instructed the jury, at the request of counsel for appellant, that if they found from the evidence that defendant cut and stabbed the deceased and thereby killed him, still they should not find him guilty if they believe at the time he cut and stabbed the deceased he did not intend to kill him, and if they had a reasonable doubt of this fact they should give him the benefit of such doubt and find him not guilty. The court also gave a special charge modifying a special instruction requested by counsel for appellant to the effect, in substance, that if they believed from the evidence that the knife which had been introduced in evidence, and the manner of its use, as shown by the evidence, was not a deadly weapon, as defined in the main charge of the court or if they had a reasonable doubt thereof they would find the defendant not guilty. The court did not charge on the issue of aggravated assault, and the failure of the court to do so is perhaps, in the state of the record, the most impor-

tant and material question arising in the case  In this connection it should be stated further that appellant, who testified in his own behalf, said that at the time he struck deceased he had no intention of killing him; that he was in such position that he could have killed or other vital portions of the body, but his intention and idea was to so wound the deceased as to make him let him alone.

1.  The evidence showed that the homicide occurred about 10 o'clock at night of the 21st of December, and that soon after the encounter between the parties appellant went to the place where he was staying and remained there alone, and had no information touching the death of appellant until the next morning.  In this state of the case appellant proposed to prove by his own testimony, and that of one Benton, that when so informed of the death of deceased he stated that he was sorry he was dead, and that he did not intend to kill him. This was objected to by the State for the reason that it was too remote, was not res gestae and was a self-serving declaration.  The evidence shows that the statement was made some ten hours after the homicide, and by the defendant, at the place where he was at the time staying, some mile and a half from the place of the killing.  We think it too clear for discussion that this testimony was not res gestae, but was both hearsay and self-serving, and that the court did not err in excluding same.

2.  The charge of the court on the issue of provoking the difficulty is complained of in this language: "The trial court committed error in the twenty-first paragraph of the main charge wherein he attempts to apply the law of provoking a difficulty; the same is not the law, is not clear and had the effect and was calculated to mislead the jury. We think these complaints are so general in their character as not to require a review by this court of the matter attempted to be presented. The motion does not point out in what respect the charge was not the law, wherein it was not clear, or how and in what manner it was calculated to mislead the jury.  The particular paragraph set out in the brief of counsel for appellant has been condemned by this court, but we are not sure that, taking the charge of the court altogether, that even if the motion, with sufficient directness, challenged the charge, that it would be ground for a new trial.  But it seems clear under the authorities that the complaint is so general as not to be sufficient to require a review at our hands.  Pollard v. State, 58 Texas Crim. Rep., 299, 125 S. W., 390; Phillips v. State, 57 Texas Crim. Rep., 160, 128 S. W., 1100; Roma v. State, 55 Texas Crim. Rep., 344; Holmes v. State, 55 Texas Crim. Rep., 331; Duncan v. State, 55 Texas Crim. Rep., 168.

3.  The next two matters presented as grounds for new trial may be considered together.  In the sixth paragraph of the motion it is urged that the court committed error wherein he charged on the means by which the injury was committed and the manner of its use.  It is

claimed and urged that the intent with which the wound was inflicted in this case was a most vital issue in the case to appellant, and that the court committed error when he charged the jury that if they believed the manner in which the instrument was used was reasonably calculated to do serious bodily injury, then the law presumes that such was the design and intent of the party committing the injury. In the eighth ground of the motion for new trial it is averred that error was committed in that the court should have charged the law of aggravated assault, because, as claimed, all the facts show that if an offense was committed at all, it was of no higher degree than aggravated assault. We think the charge of the court with reference to the presumption from the use of the weapon in question, taken in connection with his definition of a deadly weapon and the special charges given by the court at the request of counsel for appellant, have sufficiently presented this question. On this subject the court instructed the jury as follows: "You are instructed that the instrument or means by which an injury is committed is to be taken into consideration in judging of the offense, if any, of the party offending. If the instrument or means be one not likely to produce death it is not to be presumed that death was designed unless it further appears from the manner in which it was used and the circumstances surrounding and known to the defendant, the intention to kill evidently appears. Where a homicide occurs under the immediate influence of sudden passion, and by the use of means or an instrument not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide unless it appears that there was an intent to kill. Every person is presumed by law to intend whatever would be the reasonable and probable result of his own act and the means used by him, and when an injury is committed and the instrument or means used (or the manner in which it was used was reasonably calculated to do serious bodily injury), and this evidently appears from the evidence, then the law presumes that such was the design and intent of the party committing the injury; but on the other hand, if the instrument or means used is one not likely to produce death, it is not presumed that death was designed, and if in this case you believe such to be the facts, and the manner in which it was used was such that the evidence does not show an evident intention to kill, then you will consider such facts in connection with the defendant's plea of self-defense." The court defined the term deadly weapon in the following language: "A deadly weapon is one which from its size and character and the manner in which it is used is likely to produce death or such serious bodily injury as may probably result in death." That the issue of aggravated assault arose in the case, under all the facts, we are convinced. It is urged by the State, however, that in the condition of the record that this can not avail appellant for the reason that the error of the court was invited by him. We think this position of the State is undoubtedly correct. That the doctrine of invited error applies in criminal cases is no longer an open question in this State.

This subject came before this court in the case of Carbough v. State, 49 Texas Crim. Rep., 452. The opinion in that case is by Judge Davidson, and discloses a careful investigation of the question, and includes a review of practically all of the authorities. In that case the charge of the court complained of was held to be erroneous, and in discussing the matter, after referring to numerous authorities, Judge Davidson says: "These latter cases hold that where a charge has been given, although erroneous, at the request of appellant, he can not complain. Following and affirming the rule laid down in Railway v. Sein, 89 Texas, 63, supra, where the charge requested and refused has been substantially given in the court's charge, any error arising therefrom can not be questioned by the party requesting the charge. Hillsboro v. Jackson, 18 Texas Civ. App., 325; International & G. N. Ry. v. Culpepper, 19 Texas Civ. App., 182; Davis v. Davis, 20 Texas Civ. App., 310; Hardman v. Crawford, 3 Texas Ct. Rep., 184, 64 S. W. Rep., 938. These authorities would seem to settle two propositions: First, where the charge, although erroneous, had been given at the instance or invitation of the party complaining, it is not error of which he can complain, or that would bring about a reversal. Second, where the charge as given is the same as that requested, it is not error to refuse the requested instruction, nor will the court reverse, because the original charge is wrong. This question was fully discussed by the Supreme Court in International & G. N. Ry. v. Sein, 89 Texas, 63, supra, where this language is used: 'It is a general rule that when counsel has requested the court to charge a given proposition of law and it is given, if the charge requested and given is erroneous, such error can not be taken advantage of by the party whose counsel made the request. The question now before the court is, in substance, if in the course of a trial counsel requests the court to give an instruction to the jury, which is refused, but which in whole or in part is embraced in the charge of the court, can the counsel or the party for whom he acts question the correctness of the charge given by the court, in so far as it conforms to the request made? This question has often been before appellate courts, and has uniformly, so far as we are able to find, been held against the right of a party or his counsel upon appeal, to call in question a ruling of the trial court which was made at his suggestion; and it has been generally held that when a charge requested, but refused, was embraced in the general charge of the court, any error arising therefrom could not be questioned by the party who requested the charge. Elliott App. Proc., sec. 627; Tucker v. Baldwin, 13 Conn., 135; Alberts v. Vernon, 96 Mich., 549; Little Rock & M. Ry. v. Moseley, 56 Fed. Rep., 1009; Haggard v. German Ins. Co., 53 Mo. App., 98; Eastman v. Curtis (Vt.), 32 Atl. Rep., 232; Stevens v. Crane, 116 Mo., 408; Silsby v. Michigan Car Co., 54 N. W. Rep., 761; Ft. Scott, W. & W. Ry. v. Fortney, 51 Kan., 287. The principle upon which these decisions rest is that, although the charge requested was refused by the court, yet, if the same proposition is embodied in the charge

given by the court, it will be presumed that the charge as given was so given in compliance with the request made.' In the later case of Missouri, K. & T. Ry. v. Eyer et al., supra, 70 S. W. Rep., 529, the question again came under review before the Supreme Court. Speaking of invited error, Chief Justice Gaines, delivering the opinion of the court, said: 'The rule in question is but a deduction from the doctrine of estoppel. Where a party by a request for a ruling leads the court into error, he should be precluded from claiming a reversal of the judgment by reason of the error so committed. To hold otherwise would be to permit him to take advantage of his own wrong. Where the court upon the trial is requested to affirm a proposition of law in the charge, and it is so affirmed, the rule applies.' Such was the case of International & G. N. R. R. Co. v. Sein, 89 Texas, 63. This is the last enunciation of this dictrine that has been called to our attention at the hands of the Supreme Court. Numerous decisions have been cited supra from this and the Courts of Civil Appeals of this State, affirming the doctrine laid down by these decisions. If the rule is correct, and it seems that the authorities cited settle it, it is not reversible error that there may be some omission or some defect in the requested charge given, and the authorities seem to place it upon the ground that the party complaining is estopped, and by asking the special charge, whether given or refused, affirms the proposition laid down by the court in the charge given. Tested by these authorities and this rule, appellant's assigned error is not well taken. The doctrine of this case is directly affirmed in the more recent case of Moxie v. State, 54 Texas Crim. Rep., 529, in which Judge Brooks, speaking for the court, says: "If there was any error in the charge, which may be conceded under the authorities of this court, it was an invited error on the part of appellant, and that an error invited by the appellant can not be complained of is also held by this court. Carbough v. State, 49 Texas Crim. Rep., 452." Now then, we are confronted with this situation: Under the facts in evidence, considering the relation of the parties, the nature of the knife used and the testimony of appellant as to his purpose and intent, it may be conceded that the court should have instructed the jury in substance that if they found from the evidence that the appellant did not intend to kill, and that his only purpose was to make deceased get off of him, and that if death resulted without the design of appellant to kill, and if the manner of the use of the instrument did not disclose a purpose to commit murder, then appellant, though his act in striking the deceased was wrongful, would be guilty of no higher offense than aggravated assault, notwithstanding death resulted. But in this condition of the record and with this issue in the case appellant requested the court to instruct the jury that if these facts existed appellant would not be guilty and would be entitled to an acquittal. Confessedly, this charge was more favorable to appellant than the law required. The requested charge should not have been given, and yet, where the appellant has induced the court by requested

charge on a given state of facts which would have made him guilty of an aggravated assault, to instruct the jury that he should go free, is he in condition then to complain that the judgment should be reversed because the court gives, at his instance, an instruction for acquittal instead of an instruction to convict for aggravated assault? The court could not, without the most obvious contradiction, have given the instruction requested by counsel for appellant to acquit, and at the same time have given an instruction to convict for aggravated assault. We think it clear beyond doubt that the doctrine of invited error applies, and that appellant is in no condition to demand a reversal on the failure of the court to charge the law of aggravated assault in view of the charge given at his request.

These are practically the only questions of sufficient moment to demand attention at our hands. The evidence in the case is conflicting and there is abundant testimony, if believed, to not only support a conviction for manslaughter, but to support a judgment for a much higher grade of offense. Finding no error in the record, it is ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting.)—I think the doctrine of invited error is carried too far by the opinion. The doctrine of invited error, as I understand the authorities, only applies to the phase of the case presented by the special charge requested or given. The question here is, does the charge on self-defense given at request of appellant preclude assigning error for failure of court to charge on aggravated assault? I am of opinion the court errs in holding the charge given invited the court not to give a charge on aggravated assault.

ON REHEARING.

February 8, 1911.

PRENDERGAST, JUDGE.—We have carefully examined the record again in considering appellant's motion for rehearing, and have concluded that the judgment affirming the case is correct.

A rather brief statement of the case was made in delivering the opinion herein affirming this case. We deem it unnecessary to make a further statement, but a fuller statement would have shown a much stronger case against the appellant.

There are but two questions presented in the motion for rehearing. The first, in substance, is that the lower court erred in giving charges 21 and 22, quoting both of them, on the subject of provoking the difficulty. In the motion for rehearing and argument therein, appellant does not attempt to show wherein there was any error in paragraph 21 of the court's charge, taken by itself, but attempts to show error particularly in paragraph 22 of the court's charge. Now the record

clearly shows that appellant in no way complained of paragraph 22 in the lower court. Hence, we can not and will not review this too late attack on said paragraph 22. This but emphasizes the correctness of the former opinion on this point in the court refusing to consider the too general assignment attempting to complain of charge No. 21.

The other question raised by the motion for rehearing is that the lower court committed reversible error in failing to charge on aggravated assault. This question was fully discussed and the authorities cited in the former opinion on this subject. We have re-examined the question and the record fully, and are thoroughly convinced that the question was correctly decided in the former opinion. The motion for rehearing is overruled.

*Overruled.*

HARPER, JUDGE.—I concur in the judgment overruling the motion for a rehearing, but not agreeing fully with some of the conclusions that might be drawn from the original opinion if an inference can be drawn therefrom, together with the dissent, that under the doctrine of "invited error" the court would be relieved of giving a charge on every issue raised by the evidence. The court should charge on every phase of the case. If the court is led by defendant to present an issue erroneously, then the doctrine of invited error applies, and only in that case. I do not think the evidence in this case raises the issue of aggravated assault (see Wilson v. State, 4 Texas Crim. App., 637), and the court did not err in failing to give in charge the law applicable to aggravated assault.

DAVIDSON, PRESIDING JUDGE.—I adhere to views heretofore expressed.