### Arcadio Martinez et al. v. State.

No. 1982. Decided February 5, 1913.

**1.—Assault to Murder—Statement of Facts—Ninety Days Limit.**

Where the statement of facts and bills of exception were filed four months and one day subsequent to the adjournment of the trial court, the same cannot be considered on appeal, and this, although the attorneys representing them on the trial abandoned the case and other attorneys were employed, no sufficient reason being shown why diligence was not used by the defendant to file said statement of facts and bills of exceptions within ninety days from adjournment of court.

**2.—Same—Assignments of Error.**

Assignments of error filed four months subsequent to the adjournment of the trial court cannot be considered; but if considered, there was no error. Following Wilson v. State, 52 Texas Crim. Rep. 173, and other cases.

**3.—Same—Plea of Not Guilty—Apostrophe—Practice on Appeal.**

Under Article 938, Code Crim. Proc. as amended, this court must presume that the defendant was arraigned and pleaded to the indictment, unless such issue is raised in the court below by proper bills of exception, and therefore, a contention that the judgment did not show that the defendants entered a plea of not guilty cannot be considered; besides, the record showed that such plea was made, and the improper use of an apostrophe is entirely too technical.

**4.—Same—Charge of Court—General Objections.**

Where the objection to the court's charge is that the court erred in not charging on mutual combat, as defendant's testimony warranted such charge, the same is entirely too general to be considered on appeal; besides, this issue

was not raised by the evidence and there was no bill of exceptions or complaint in the motion for new trial.

### 5.—Same—Practice on Appeal—Assignment of Error.

Where errors are attempted to be pointed out for the first time in this court in the assignments of error and in the brief, they cannot be considered on appeal.   Art. 743, C. C. P.

### 6.—Same—Objections—Practice on Appeal.

That the verdict and judgment are contrary to the law and the evidence is too general an objection, unless the evidence is insufficient to sustain the verdict, which it is not.

### 7.—Same—Jury and Jury Law—Bill of Exceptions.

In the absence of a bill of exceptions reserved to the formation of the jury or the selection of any member of the jury, the same cannot be considered on appeal.

### 8.—Same—Change of Venue.

In the absence of an application made to change the venue, and nothing in the record to disclose any reason therefor, there was no error.

### 9.—Same—Evidence—Papers in Civil Suits—Bill of Exceptions.

Where the bill of exceptions did not include the petition for divorce, which defendant desired to introduce, the question cannot be reviewed; besides, there was no error in excluding it.   Following Fifer v. State, 64 Tex. Crim. Rep. 203, 141, S. W. Rep., 989.

### 10.—Same—Evidence—Res Gestae.

Where the exclamation of the injured party introduced in evidence was res gestae, the same was admissible; besides, the bill of exceptions raising this question was defective.

### 11.—Same—Evidence—Aggravated Assault.

Where, upon trial of assault with intent to murder, defendant attempted to introduce testimony as to improper relations between his wife and the alleged injured party, but the record showed that he had since frequently met such injured party in a friendly way, the same was inadmissible to reduce the degree of the offense, even if the statements of facts and bills cf exception were considered.

### 12.—Same—Reform of Judgment—Verdict—Practice on Appeal.

Where the verdict assessed the punishment against one of the defendants at five years in the penitentiary, and the judgment and sentence for a period of ten years, this court, under Article 938, Code Criminal Procedure, will correct and reform the judgment so as to make it conform to the verdict.   Following McCorquodale v. State, 54 Texas Crim. Rep., 344.

Appeal from the District Court of Ward.   Tried below before the Hon. S. J. Isaacks.

Appeal from a conviction of assault with intent to murder: penalty, ten and five years respectively in the penitentiary.

The opinion states the case.

*Hefner & Cook,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of filing bills of exception: Presley v. State, 60 Tex. Crim. Rep., 102, 131 S. W. Rep., 332.

HARPER, JUDGE.—Arcadio Martinez, Ruberto Grecia and Edubijen Guzman were indicted, charged with assault to murder, convicted of that offense and sentenced to the penitentiary.

Appellants were convicted at a term of the District Court of Ward County which adjourned on January 27, 1912. No statement of facts or bills of exception were filed in the trial court until May 28, 1912—four months and one day subsequent to the adjournment of court. In the record we find an application for an extension of time and permission to file a statement of facts and bills of exception, dated May 5, 1912, claiming that the attorneys who had represented appellants on the trial of the case, without their knowledge, had neglected and failed to file bills of exception and statement of facts, and that the motion was made as soon as the defendant became advised of the facts, and that unless a further extension was granted it would be impossible for them to perfect the record; that as soon as they were informed of the circumstances they immediately employed the attorneys whose names are signed to the application.

It is true that the record discloses that appellants were in jail, and were carried from Ward County (that county having no secure jail) to Reeves County for safe keeping, but does this excuse them from all diligence in the matter? It will be seen that it was ninety-eight days after adjournment of the court for the term before the date of the application filed by the present attorneys, and while it is doubtless true this is the first time the attorneys' attention was called to the matter, yet were appellants not themselves guilty of inexcusable negligence? Certainly if these attorneys who represented them on the trial did not call on them during this time, and they heard nothing from them, it would put any ordinary man on inquiry before the lapse of more than three months time. We do not think such negligence is excusable, for no sufficient reason is shown why diligence was not used by them within the time allowed by law. From the same source they obtained this information on or about May 5th, upon inquiry it could have been obtained at a time within the period allowed by law for filing these papers. We have gone the full limit authorized by law in considering statement of facts if filed within ninety days from the date of adjournment of court, and further time we cannot grant unless some reason should be shown whereby from sickness or some unavoidable reason the defendants were prevented from using proper diligence within the period granted. The statement of facts and bills of exception will be stricken from the record.

But if we should consider them, together with the amended motion for new trial, no error that should cause the reversal of the case is presented. Under no circumstances would we be authorized to consider the assignments of error filed four months subsequent to the adjournment of court. Art. 743 of the Code of Criminal Procedure; Pena v. State, 38 Texas Crim. App., 333; Sue v. State, 52 Texas Crim.

Rep., 122; Wilson v. State, 52 Texas Crim. Rep., 173; Cornwell v. State, 61 Texas Crim. Rep., 122, 134 S. W. Rep., 221.

The complaint, made for the first time in this court, that the judgment of conviction does not show that all the defendants entered a plea of not guilty, cannot be considered. Appellants in their brief quote a great number of decisions of this court rendered prior to 1897, but they take no notice that those very decisions caused the Legislature in 1897 to amend the Code of Criminal Procedure, and provide in Article 938: "In all cases the court shall presume that the jury was properly impaneled and sworn; that the defendant was arraigned; *that he plead to the indictment*, unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by a bill of exceptions properly signed and allowed by the judge." No such contention was made in the trial court, consequently we must conclusively presume that appellants plead to the indictment, and our decisions all so hold since the adoption of this provision of the Code of Criminal Procedure. But if we look to the record we think it shows that the defendants did enter their pleas. The judgment reads: "came a jury of good and lawful men, to wit: Lee F. Freeman and eleven others, who having been selected, were duly impaneled and sworn, and who having heard the indictment read by the district attorney and the defendant's plea of not guilty," etc. The criticism that the use of the apostrophe before the letter "s" in the word "defendants" is highly technical when the judgment as a whole shows that a plea was entered by all of them. However, the Code is now conclusive that such error cannot be assigned for the first time in this court.

The only complaint of the charge of the court contained in the motion for new trial, or in the amended motion, reads as follows: "Because the court erred in not charging on mutual combat, as defendant's testimony warranted such charge." This has frequently by this court been held to be too general to present any question for review. (Mansfield v. State, 138 S. W. Rep., 591.) But if we were to consider the evidence, this issue was not raised by the evidence. The evidence for the State would show an unprovoked assault, while the evidence of two of the defendants might present self-defense, and alibi as to Ruberto Grecia, but there was no bill of exceptions reserved to the charge and no complaint of it in these respects in the motion for new trial. The errors attempted to be pointed out for the first time in this court in the assignments of error and in the brief cannot be considered. (Art. 743 Code of Criminal Procedure.)

The ground in the motion "that the verdict and judgment are contrary to the law and the evidence," is too general to call our attention to any error unless the evidence was insufficient to sustain the verdict. If we were to consider the statement of facts, the evidence for the State amply supports the verdict.

There was no bill of exceptions reserved to the formation of the jury, or to the selection of any member of the jury, therefore we could not review the three grounds in the motion relating to this matter.

The record does not disclose that there was even a verbal application made to change the venue, much less one in conformity with the Code, and nothing in the record discloses any reason why the venue should have been changed, and certainly under these circumstances these grounds present no error.

It is shown by the record, if we consider the bills, that appellant Martinez desired to introduce in evidence a petition for divorce he had filed against his wife two years prior to this difficulty. The record would also show a condonation on the part of said Martinez long prior to this difficulty, if his wife had done any wrong, and they had been again living as man and wife for a great length of time. The fact that Martinez had filed a suit against his wife would trace no motive of the allegations contained therein to the person assaulted in this case, and the court did not err in excluding the petition. In addition to this the bill does not include the petition nor any portion thereof, nor does the record disclose the petition desired to be introduced, consequently, the question is not presented in a way that we could intelligently review the action of the court. (Fifer v. State, 64 Tex. Crim. Rep., 203, 141 S. W. Rep., 989 and cases there cited.)

The record discloses that several persons heard the injured person exclaiming, ''don't kill me,'' when they at once went to him and saw three persons going away. What he then said would be admissible as res gestae. However, the bill that seeks to raise this question contains only the question asked, and does not contain the answer of the witness. So it is not presented properly, but if it had been the testimony was properly admitted. Bill No. 7 is in the same condition. While it shows the question propounded, it does not disclose the answer of Dr. Mayhugh, if any answer he made.

In the only other bills in the record, if we consider them, it is claimed that some witnesses would have testified that two years prior to this difficulty they had heard the injured person, Ursulo Martinez, say he had improper relations with Antonio Martinez's wife. The bills also disclose that since said time Antonio and his wife had been living together; that for two years he had come almost in daily contact with Ursulo Martinez, and such testimony would not reduce nor tend to reduce the offense from assault to murder to aggravated assault. If a person is informed that another has had improper relations with his wife, he cannot thereafter be brought in almost daily contact with such person, and after a lapse of two years time have an offense reduced by reason of such conduct; in fact such evidence would go towards showing malice aforethought. So if we considered the bills of exception found in the record and the statement of facts, no ground in the amended motion for new trial would present any error, and we are prohibited by law from reversing a case on grounds

presented for the first time in this court unless fundamental error is disclosed.

There is one matter called to our attention which should be considered. The verdict of the jury finding Ruberto Grecia guilty of murder in the second degree assesses his punishment at only five years in the penitentiary. The judgment of sentence in the record orders his confinement in the penitentiary for a period of ten years. By Article 938 of the Code of Criminal Procedure we are authorized to reform and correct the judgment if there is sufficient evidence of record by which to make the correction. The verdict of the jury being contained in the record, and it assessing the punishment of Ruberto Grecia at only five years in the penitentiary, the sentence as to him is hereby reformed so as to read "five years" wherever the words "ten years" appears in said sentence. McCorquodale v. State, 54 Texas Crim. Rep., 344, and cases cited in sec. 1262, White's Ann. Code Crim. Proc.

The judgment is affirmed.                                  *Affirmed.*