INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v. LOUISA SEIN ET AL.

No. 361.—Decided December 16, 1895.

1.   Requested Charge—Estoppel.

If, in the course of a trial, counsel requests the court to give to the jury an instruction, which is refused, but which in whole or in part is embraced in the charge of the court, neither the counsel nor the party for whom he acts can question the correctness of the charge given by the court, so far as it conforms to the request

made. It will be presumed that such charge was given in compliance with the request. (Pp. 65 to 68.)

## 2. Requested Charges—Modifying Charge of Court.

If an erroneous charge be given by the court the party injured thereby may by requested charge seek to explain, limit, or enlarge such charge without waiving objections thereto. The intent not to waive must appear by exceptions to the obnoxious charge or by the face of the requested charge in explanation, etc. (P. 68.)

QUESTIONS CERTIFIED by Court of Civil Appeals for Fourth District in an appeal from Bexar County.

*J. M. Duncan* and *Barnard & McGown,* for appellant.—The charge complained of requiring the railroad company to use great care at the Commerce street crossing is, beyond question, reversible error. In Railway v. Smith, 87 Texas, 357, Mr. Justice Brown settled the degree of care required by railroads at crossings in this State for all time by announcing the rule in the following unequivocal language: "That there may be no mistake hereafter as to the effect of Railway v. Matula, we announce the rule that railroad companies at crossings * * * * · * must use ordinary care to discover their presence (persons crossing track) and to avoid inflicting injury upon them (Railway v. Crosnoe, 72 Texas, 79), and that, in the exercise of that degree of care, they must use such an amount of vigilance and caution as a man of ordinary prudence would use under like circumstances."

It is a cardinal principle of our jurisprudence that a cause shall be impartially tried before a jury upon the evidence, under the law correctly and pointedly submitted to them, and applied to the facts by the trial judge in his charge. Rev. Stats., art. 1317; 49 Texas, 583; 55 Texas, 610; 24 Texas, 620; 57 Texas, 184. To deprive litigants of the right to have the law so charged ought, and in our opinion does, require something more than a theoretical estoppel. To deprive them of this right the estoppel ought to result from a positive fact shown to exist, and not from one supposed to exist. This court has therefore correctly held that, where a special charge was given in a cause upon the request of a party to the suit, he, upon appeal, would be held estopped from questioning its correctness. That is right, because, if erroneous, it is his own wrong—and the law does not allow one to reap advantages from his own wrong. Hardy v. DeLeon, 5 Texas, 211; Ziegler v. Stefanek, 31 Texas, 32.

But this case presents no such facts. The record clearly shows that the special charge requested was written to correct an omission in the court's charge, and refused. Can it be said that thereby we are estopped from complaining of the court's charge? Barring for the present the question of great care, let us see if the company misled the court, or the court misled the company. For it cannot be contended that there is any estoppel in this requested charge unless, in fact or by presumption, it appears that the railroad company led the court into this error. The

charge was refused, hence it does not affirmatively appear that the court was misled. Can it be presumed?

In the charge complained of the court charged as follows: "It was the duty of the defendant and its agents and employes to use and exercise ordinary care and prudence in the operation of its trains and engines along and upon its track, and to use great care in the operation thereof when approaching public road crossings, and it is the duty when so approaching to sound the bell of the engine continuously." A casual glance at this charge, aside from the degree of care required, suggests two objections. The one is this: The duty to ring the bell results from the statute only, and by the statute the distance at which they are required to begin ringing the bell is 80 rods. In submitting the statutory duty the court ought to have given it in the terms of the statute. The other is that the court ought to have applied the law to the case and plainly told the jury the effect of a finding by them that the railroad company had used the requisite care and had rung the bell. To cure these two omissions the special instruction was asked.

*Clark, Summerlin & Fuller,* for appellees.—Appellant can not complain of the charge that great care was required when such was admitted to be the law by the appellant and a special charge to same effect was requested by it. Martin v. Railway, 3 Texas Civ. App., 133; Walton v. Railway, 56 Fed. Rep., 1006; Tucker v. Baldwin, 33 Am. Dec., 384; Railway v. Moseley, 56 Fed. Rep., 1009; Railway v. Park Commissioners, 157 Ill., 204; Haggard v. German Ins. Co., 53 Mo. App., 98; Belman v. Railway, 50 Mo. App., 151; Alberts v. Vernon, 96 Mich., 549; 55 N. W. Rep., 1022; Beardstown v. Smith, 150 Ill., 169; 37 N. E. Rep., 211; Johnson v. Kennedy, 58 N. W. Rep., 122; Richards v. Borowsky, 58 N. W. Rep., 277; Schmitz v. Railway, 23 Law Rep. Ann., 250; Long v. Fox, 100 Ill., 43; Dunning v. West, 66 Ill., 366; Noble v. Blount, 77 Mo., 235.

BROWN, Associate Justice.—The Court of Civil Appeals for the Fourth Supreme Judicial District certified to this court the following statement and question:

"The district judge gave the following charge to the jury:

"'It was the duty of the defendant and its agents and employes to use and exercise ordinary care and prudence in the operation of its trains and engines along and upon its track and to use great care in the operation thereof when approaching public road crossings and street crossings, and it is the duty when so approaching to sound the bell of the engine continuously.'

This is complained of as being incorrect under the ruling in Railway v. Smith, 87 Texas, 348. The charge was complained of in the motion for new trial.

The following charge was asked by appellant, but refused:

'The court charges you that it was the duty of the defendant railroad company, and its agents and employes, to use and exercise ordinary care and prudence in the operation of its trains and engines along and upon its tracks, and to use great care in the operation of said trains when approaching public road crossings and street crossings, and it was its duty, when so approaching, to sound the bell of the engine continuously for a distance of eighty rods before reaching said crossings; and if you believe from the evidence that the employes of the defendant company, or its receiver, T. M. Campbell, did use great care and prudence in approaching this West Commerce Street crossing at the time of the accident, and did sound the usual signal of ringing the engine bell then you will find for the defendant.'

Question.—Did the request to give the charge last copied amount to a ratification or inducement of the above copied charge of court, and is appellant prevented thereby from taking advantage of errors in the charge of the court repeated in its requested charge?"

The provisions of our law pertinent to the question submitted are as follows:

Article 1300 Revised Statutes: "After the conclusion of the argument the court shall read to the jury the charges and instructions, if any, under the provisions of this title relating thereto." Article 1319 Revised Statutes: "Either party may present to the judge in writing such instructions as he desires to be given to the jury, and the judge may give such instructions or a part thereof, or he may refuse to give them, as he may see proper, and he shall read to the jury such of them as he may give." Articles 1318 and 1320, Revised Statutes, provide that instructions given by the court and those requested by either party and refused shall be considered as excepted to without the necessity of taking bills of exceptions thereto.

It is the right and duty of counsel engaged in the trial of a cause to aid the court in arriving at a correct solution of the legal questions involved in the case; and, to enable them to exercise this right and to perform the duty, the law confers upon them the privilege of requesting the court to give to the jury charges embodying the law as to such counsel it appears to be applicable to the facts proved. In the absence of a statute upon the subject, the attorney might make his requests for instructions either in writing or verbally. (Am. & Eng. Encycl. Law, Vol. 11, p. 259.) Our statute requires not only that the request be in writing, but that the proposition requested to be charged shall be formulated by the counsel as an instruction, so that it may be read by the judge to the jury.

It is a general rule that, when counsel has requested the court to charge a given proposition of law and it is given, if the charge requested and given is erroneous, such error can not be taken advantage of by the party whose counsel made the request.

The question now before the court is, in substance, if, in the course of a trial, counsel requests the court to give an instruction to the jury,

which is refused, but which in whole or in part is embraced in the charge of the court, can the counsel or the party for whom he acts question the correctness of the charge given by the court in so far as it conforms to the request made? This question has often been before appellate courts, and has uniformly, so far as we are able to find, been held against the right of a party or his counsel, upon appeal, to call in question a ruling of the trial court which was made at his suggestion; and it has been generally held that when a charge requested, but refused, was embraced in the general charge of the court, any error arising therefrom could not be questioned by the party who requested the charge. Elliott App. Proc., sec. 627; Tucker v. Baldwin, 13 Conn., 136; Alberts v. Vernon, 96 Mich., 549; Railway v. Moseley, 56 Fed. Rep., 1009; Haggard v. Ins. Co., 53 Mo. App., 106; Eastman v. Curtis (Vt.), 32 Atl. Rep., 232; Stevens v. Crane, 116 Mo., 408; Silsby v. Mich. Car Co., 54 N. W. Rep., 761; Railway v. Fortney, 51 Kans., 287. The principle upon which these decisions rest is that, although the charge requested was refused by the court, yet, if the same proposition is embodied in the charge given by the court, it will be presumed that the charge as given was so given in compliance with the request made.

The judge may give a charge asked for as it is written by counsel, or may embody it, or so much of it as is deemed applicable to the facts of the case, in the charge prepared by him; in either event it is a ruling of the court upon the question, made at the request of counsel. In the case of Stevens v. Crane, cited above, the court said: "There was some evidence tending to show that the plaintiff had or could have earned some money in the line of his occupation, in a business of as high a grade as that from which he was discharged, and the court was warranted in giving an instruction on that branch of the case. This the plaintiff conceded by asking an instruction on this branch of the case, in substance the same as that given by the court, which was, in fact, the instruction asked by the plaintiff, with some slight verbal modifications, which in no way changed its force or meaning. Conceding then, that there was error in this instruction in not limiting the reduction to money that had or might have been earned by the plaintiff in similar employment, or in the line of his occupation, it is an error of which he can not complain."

In the case submitted to us it appears that in the instruction given and the first part of that requested by counsel the language is identical, showing that one must have been copied from the other. We think that it is a fair conclusion to be drawn from the known practice of courts on such occasions, that after the defendant's counsel presented the charge the presiding judge copied from it so much as he thought applicable to the case on trial, and thus the charge read to the jury was, in fact, given at the request of defendant's counsel. It is the right and duty of the court, at any time before the charges are read to the jury, even before a verdict has been returned, to change the instructions that may have been prepared or given if believed to be erroneous; and a re-

quested charge would be as potent, in suggesting a correct proposition of law to the court, when brought to the attention of the judge after his. charge was prepared as before; and we see no difference between leading a judge into error and confirming an error already committed, at a time when it might have been corrected by calling attention to it; the effect is the same. We presume that there was no intention to mislead the trial judge in this instance, but this does not change the rule of law applicable to the case.

We do not say that there might not be circumstances under which counsel might embody in a charge which he desired to be given to the jury a proposition of law which the court had already embraced in its. charge, with the view of explaining, limiting, or enlarging its meaning,. and that, under such circumstances, the assertion of such proposition would not be held to be an affirmance of its correctness; but it would devolve upon the party claiming such to be the fact to so present his. charge as to show the intent with which it was asked, or to reserve a bill of exceptions to that portion of the charge of the court, indicating at the time his disapproval of it; or, if it appeared from the charge itself,. as requested, that this was the purpose and intent of it and must have been so understood by the judge when presented to him, we apprehend that it would not be held that this would be a waiver of the error, if any, in the charge as given by the judge. But in this case these facts. are not made to appear, and we must presume, in favor of the action. of the trial judge, that, in giving the instruction objected to, he acted upon the request of counsel for the defendant.

We therefore answer that, upon the statement as presented to this. court, so much of the charge requested by the defendant and refused by the court, as asserts the same proposition as that contained in the charge given by the judge, should not be considered as error upon objection thereto by the defendant.

We do not mean to extend this rule beyond the instances in which the act of the attorney becomes a part of the record in the case.