GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
ARTHUR N. JENKINS.

Decided May 28, 1902.

**1.—Railway Company—Personal Injury—Double-Headers—Evidence.**

Where plaintiff, a telegraph operator, after delivering orders to an engineer whose train was on a siding, stepped backwards on the main track and was struck by an incoming train, evidence was admissible to show that the trains were double-headers, making more noise than other trains, to account for plaintiff's action, and the charge properly restricted its consideration to that purpose, and not as showing negligence by defendant in the use of double-headers.

**2.—Negligence—Charge—Weight of Evidence—Assuming Fact.**

A charge which groups certain facts shown in the evidence and instructs that if found to exist they constitute negligence, is proper, and appellant can not compalin that it assumes one of the facts where all of its own evidence shows such fact.

**3.—Same—Evidence Warranting Charge.**

Where the engineer testified that he was running at six miles per hour; that he saw plaintiff step backwards on the track eight or ten feet ahead of his engine, and that he did not blow the whistle or give any signal, it was for the jury to determine whether the failure to give such signals was negligence.

**4.—Same—Estopped to Complain of Charge.**

While a charge was erroneous which instructed that in order to find for defendant the jury must find not only that plaintiff was guilty of contributory negligence, but in addition that defendant was then operating the engine in a reasonably safe and prudent manner, yet defendant could not complain of the error where it had invited it by requesting a similar charge.

**5.—Personal Injury—Pain Suffered—Charge.**

A charge in an action for personal injuries, that mental and physical pain suffered by plaintiff "must be," instead of "may be," considered, was not error.

Appeal from Uvalde. Tried below before Hon. I. L. Martin.

*Baker, Botts, Baker & Lovett* and *Ellis, Garner & Love,* for appellant.

*Ball & Fuller* and *Taliafero & Armstrong,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit to recover damages arising from personal injuries alleged to have been sustained through the negligence of appellant. The trial resulted in a verdict and judgment for appellee in the sum of $10,000.

The facts established that appellee was a telegraph operator at Uvalde, Texas, and went out on the tracks near the depot to deliver instructions to the engineer of train No. 244, which was on a siding, and after doing so stepped backwards on the main track where he was negligently struck by one of the locomotives attached to train No. 243 and injured in the amount found by the jury. The engineer of train 243 saw appellant in time to have given him warning of the approaching train, but failed to blow the whistle or ring the bell on his locomotive. Appellee was not guilty of contributory negligence.

The first assignment of error is without merit. There was no con-

test as to what the rules of the company were as to signals, and no possible injury could have resulted from the testimony of appellee as to the rules.

The second assignment of error complains of the admission of evidence to the effect that "double-header" trains make much more noise than single locomotives. The two trains were what are denominated "double-headers," this is, each was drawn by two locomotives, and the evidence was doubtless introduced to show that appellee could not hear the approaching train because of the excessive noise made by the four engines. The evidence had no tendency to show the negligence of appellant in using the "double-headers," but to account for the conduct of appellee in stepping on the track in front of the locomotive. The court instructed the jury not to consider the fact that the trains were attached to two locomotives as any ground of negligence.

The proposition under the third assignment of error complains of the seventh charge of the court because it was upon the weight of the evidence, and assumed that appellee was backing towards the depot when struck. The charge is as follows:

"If the jury believe from the evidence that the plaintiff, who was in the employ of the defendant as a telegraph operator at the Uvalde station, was directed by the train dispatcher of the defendant to leave his office and go out and deliver to the officers of train No. 244, going east, a clearance order, then you are charged that the defendant company owed the plaintiff the duty to exercise ordinary care to prevent injury to him while so engaged in the performance of such duty, if any; and if the jury further believe from the evidence that the plaintiff, in obedience to said order, if he was so ordered, without negligence on his part, left his office to hand to the engineer of the train No. 244 said clearance order, and that he, after having done so, as he was backing in the direction of the depot, train No. 243 came in from the east, without sounding the whistle or giving warning of its approach, and did strike and run over the plaintiff, and inflict on him the injuries which terminated in the loss of his leg; and the jury further find that the defendant was negligent in so operating its said train, and that said negligence, if you find it was negligence, was the proximate cause of the plaintiff's injuries, then you should find for the plaintiff."

An inspection of the charge, we think, is a sufficient answer to the attacks made upon it. A grouping of certain facts was made, one of which was the backing of appellee upon the track, and the jury was instructed that if such facts were found to exist, and that they constituted negligence, they should find for appellee. As all the evidence of appellant was to the effect that appellee was stepping backward towards the depot when he was struck, we can not see any force in its complaint, even if the fact had been assumed by the court.

The eighth and ninth paragraphs of the charge are not upon the weight of the evidence and were permissible under the facts. The engineer swore that he was running at about six miles an hour; that he

saw appellee step backwards on the track some eight or ten feet ahead of his locomotive, but that he did not blow his whistle or give any signal, and it was for a jury to determine whether the failure to give such signal was negligence.

The tenth paragraph of the charge is clearly erroneous in that it instructed the jury that in order to find for appellant they must not only find that appellee was guilty of contributory negligence, but in addition must find "that the defendant was operating the engine which struck plaintiff, in a reasonably safe and prudent manner." The giving of the instruction would necessitate a reversal had it not been induced and invited by a charge requested by appellant couched in almost the identical language of the court's charge. Appellant has thereby placed itself in a position that it can not complain of the error. This was the first decided in this State by this court, in the case of Railway v. Sein, 33 Southwestern Reporter, 558, and was afterwards held by the Supreme Court in the same case, 89 Texas, 63.

The eighth assignment complains of a reference in the twelfth paragraph to the law of discovered peril as explained in the eighth paragraph, which it is claimed was erroneous. What has been said of that paragraph disposes of this assignment of error.

The evidence was contradictory as to whether the proper signals were given by the train in approaching the station, and the court did not err in presenting the issue to the jury. Those parts of the charge objected to because they submitted the issue as to whether the signals were given, and because they rendered appellant liable if the engineer knew or could have known by the exercise of proper care that appellee was in a perilous position, were invited by charges requested by appellant, and it is estopped from claiming any advantage arising therefrom.

The objections to the measure of damages given by the court are not maintainable. It was the duty of the jury to find damages for the mental and physical pain suffered by appellee, and the court did not err in instructing the jury that those elements "must be considered," instead of "may be considered."

The nineteen special instructions requested by appellant were properly refused, and the court did not err in overruling the motion for new trial. There was evidence to sustain the verdict.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.