## H. J. Carbough v. The State.

### No. 3430.   Decided March 7, 1906.

**1—Murder in the First Degree—Accomplice—Conspiracy—Charge of Court.**

Upon trial for murder where the defendant was charged as an accomplice, and the question of conspiracy was submitted to the jury as to whether a proper predicate had been laid for the admission of the declarations of conspirators, in which the court used the word "admissibility" in the sense of the word "consideration," an objection that the court thereby left the admissibility of the testimony to the jury was untenable.

**2.—Charge of Court—Invited Error—Accomplice Testimony.**

Where upon a trial for murder the court erroneously instructed the jury upon the question of accomplice testimony, in failing to charge that the accomplice must not only be corroborated but that the jury must believe his testimony to be true, and it appeared from the record that the defendant had requested a charge on this issue which was almost identical and practically the same in verbiage, as the charge given by the court, and was therefore equally erroneous. Held, that the main charge of the court although erroneous had been invited by the defendant and was therefore error of which he could not complain.

**3.—Same—Verdict—Accomplice—Principal.**

Where the defendant was charged in the indictment as an accomplice to the offense of murder committed by his principal, and the evidence showed that said offense had been committed by said principal and that the defendant was an accomplice thereto, he was guilty of said offense and the specification in the verdict of the jury that they found the defendant guilty as such accomplice of the offense of which the principal was guilty, was in conformity with the allegations in the indictment and with the requirements of the statute.

Appeal from the District Court of Camp. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The facts in this case are substantially contained in the opinion of the court in the case of Wallace v. The State, 46 Texas Crim. Rep., 341.

*S. M. Long, J. H. Beavers, Leroy M. Wade* and *Rolston, Ward & Hutchings,* for appellant.

*Howard Martin,* Assistant Attorney-General, and *Horace W. Vaughan,* for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged as an accomplice with the murder of J. P. Austin. This is a companion case to that of Wallace v. State, 13 Texas Ct. Rep., 612. The first question suggested for revision is the charge of the court, in which it is insisted that the court left the admissibility of the testimony to the jury. In Wallace v. State, supra, it is stated that the admissibility of testimony was for the court and not for the jury; that where the evidence was introduced, and it was an issue whether a proper predicate had been laid for it, the court having satisfied himself of the fact that it was admissible, the issue should be submitted to the jury on the predicate and contradiction of the predicate, it being an issue of fact, the jury should decide whether or not they should believe the predicate for the State or that which contradicts it. In other words, if they should believe the predicate for the introduction of it, they could regard the testimony in making up their verdict; if they should disbelieve or fail to believe the predicate, it being attacked, then they should disregard the testimony in arriving at such verdict. An inspection of this charge convinces us that the court conformed the charge to the suggestions made in the Wallace case. It is true that he used an expression to the effect that he would leave the admissibility of the testimony to the consideration of the jury, "under the following instructions," etc. The mere fact that the court used the word "admissibility" in the connection stated, does not, as in the former case, leave the question of the admissibility to the jury. The word "admissibility" here is used in the sense of leaving it to their consideration and to be considered by them "under the following rules,"

etc. We do not believe there is any error shown by this record in regard to this phase of the charge.

The next question urged for reversal is the alleged error of the court in regard to accomplice's testimony. The charge given has been criticised by this court and held to be upon the weight of testimony in Bell v. State, 47 S. W. Rep., 1010; Jones v. State, 7 Texas Ct. Rep., 13; Hart v. State, 11 Texas Ct. Rep., 190; Washington v. State, 11 Texas Ct. Rep., 1028; and Crenshaw v. State, 12 Texas Ct. Rep., 758; Burton v. State, 14 Texas Ct. Rep., 406. Under these authorities this charge is erroneous. The State meets this with the counter proposition that appellant having asked the same charge he cannot be heard to complain. An inspection of the charge given and that requested by appellant shows they are almost identical, at least they are practically the same in verbiage. The vice in the charge is, that the court failed to instruct the jury that, before they could convict the accomplice must not only be corroborated, but they must believe the testimony of the accomplice to be true. The court did not instruct the jury that before conviction they should believe the testimony of the accomplice to be true. The State further contends that having asked this charge, it being the same as that given by the court, it comes within the nature of what may be termed "invited error," and cites the following authorities in support of this proposition: Hall v. State, 28 Texas Crim. App., 146; Tuller v. State, 8 Texas Crim. App., 501; Evans v. State, 6 Texas Crim. App., 513; Neidham v. State, 19 Texas International & G. N. Ry. v. Sein, 89 Texas, 63; Missouri, K. & T. Ry. v. Eyer, 70 S. W. Rep., 529; Galveston, H. & S. A. Ry. v. Jenkins, 69 S. W. Rep., 233; Texas & N. O. Ry. v. McDonald, 11 Texas Ct. Rep., 1015. Ry. v. Sein, supra, was approved in Dignowity v. Elmendorf, 40 S. W. Rep., 1009; San Antonio Edison Co. v. Dixon, 17 Texas Civ. App., 328; San Antonio & A. P. Ry. v. Weigers, 22 Texas Civ. App., 347; Ry. v. Botts, 57 S. W. Rep., 854; M., K. & T. v. Evans, 16 Texas Civ. App., 73; San Antion v. Ostrom, 18 Texas Civ. App., 679; I. & G. N. Ry. v. Newman, 40 S. W. Rep., 855. These latter cases hold that where a change has been given, although erroneous, at the request of appellant, he cannot complain. Following and affirming the rule laid down in Ry. v. Sein, supra, where the charge requested and refused has been substantially given in the court's charge, any error arising therefrom cannot be questioned by the party requesting the charge. Hillsboro v. Jackson, 18 Texas Civ. App., 326; International & G. N. Ry. v. Culpepper, 19 Texas Civ. App., 188; Davis v. Davis, 20 Texas Civ. App., 312; Hardman v. Crawford, 3 Texas Ct. Rep., 185, 64 S. W. Rep., 938. These authorities would seem to settle two propositions: First, where the charge, although erroneous, had been given at the instance or invitation of the party complaining, it is not error of which he can complain, or that would bring about a reversal. Second, where the charge as given is the same as that requested, it is not error to refuse the requested instruction, nor will the court reverse, be-

cause the original charge is wrong. This question was fully discussed by the Supreme Court in I. & G. N. Ry. v. Sein, supra, where this language is used: "It is a general rule that when counsel has requested the court to charge a given proposition of law and it is given, if the charge requested and given is erroneous, such error cannot be taken advantage of by the party whose counsel made the request. The question now before the court is in substance, if in the course of a trial counsel requests the court to give an instruction to the jury, which is refused, but which in whole or in part is embraced in the charge of the court, can the counsel or the party for whom he acts question the correctness of the charge given by the court in so far as it conforms to the request made? This question has often been before appellate courts, and has uniformly, so far as we are able to find, been held against the right of a party or his counsel upon appeal, to call in question a ruling of the trial court which was made at his suggestion; and it has been generally held that when a charge requested, but refused, was embraced in the general charge of the court, any error arising therefrom could not be questioned by the party who requested the charge. Elliott App. Proc., sec. 627; Tucker v. Baldwin, 13 Conn., 136; Alberts v. Vernon, 96 Mich., 549; Little Rock & M. Ry. v. Moseley, 56 Fed. Rep., 1009; Haggard v. German Ins. Co., 53 Mo. App., 106; Eastman v. Curtis (Vt.), 32 Atl. Rep., 232; Stevens v. Crane, 116 Mo., 408; Silsby v. Michigan Car Co., 54 N. W. Rep., 761; Ft. Scott, W. & W. Ry. v. Fortney, 51 Kan., 287. The principle upon which these decisions rest is that, although the charge requested was refused by the court, yet, if the same proposition is embodied in the charge given by the court, it will be presumed that the charge as given was so given in compliance with the request made." In the later case of M., K. & T. Ry. v. Eyer et al., supra, the question again came under review before the Supreme Court. Speaking of invited error, Chief Justice Gaines, delivering the opinion of the court, said: "The rule in question is but a deduction from the doctrine of estoppel. Where a party by a request for a ruling leads the court into error, he should be precluded from claiming a reversal of the judgment by reason of the error so committed. To hold otherwise would be to permit him to take advantage of his own wrong. Where the court, upon the trial is requested to affirm a proposition of law in the charge, and it is so affirmed the rule applies." Such was the case of International & G. N. Railroad Co. v. Sein, 89 Texas, 63. This is the last enunciation of this doctrine that has been called to our attention at the hands of the Supreme Court. Numerous decisions have been cited supra, from this and the Courts of Civil Appeals of this State, affirming the doctrine laid down by these decisions. If the rule is correct, and it seems the authorities cited settle it, it is not reversible error that there may be some omission or some defect in the requested charge given, and the authorities seem to place it upon the ground that the party complaining is estopped, and by asking the special charge, whether given or refused, affirms the proposition laid down by the court in the charge

given.   Tested by these authorities and this rule, appellant's assigned error is not well taken.

The last error relied upon is the insufficiency of the verdict of the jury, which is in the following language: "We the jury find the defendant, H. J. Carbough, guilty of being an accomplice to the offense of murder in the first degree, as charged in the indictment.   T. C. Wallace being the principal that committed said offense of murder in the first degree by unlawfully with his express malice, killing J. P. Austin. We assess the punishment of defendant at confinement in the penitentiary for life."   The supposed defect in the verdict is that it finds him guilty of accomplice to murder in the first degree, instead of finding him directly guilty of murder in the first degree.   He cites in support of this contention, Carlisle v. State, 31 Texas Crim. Rep., 537; Dent v. State, 65 S. W. Rep., 631; Wilkerson v. State, 57 S. W. Rep., 962; Thomas v. State, 62 S. W. Rep., 920.   The point in the Carlisle case was as to where the venue should be laid, where the party was an accomplice to murder, he not being present.   Carlisle's acts as such accomplice were in Collin County, whereas the homicide occurred in Grayson County.   Carlisle was not present at the scene of the homicide. The court held that he was guilty of the murder by reason of his acts as an accomplice, and that the venue was in the county of the homicide. The opinion was delivered by Presiding Judge Hurt, and has been followed by the authorities cited supra.   It is urged that there is no such offense as accomplice, because it has not been defined by our statute. Such is the decision in the Carlisle and subsequent cases.   However, the decision was to the contrary prior to the Carlisle case.   Appellant urges that as there is no such offense as accomplice, therefore the recitation in the verdict that defendant is guilty of accomplice to murder in the first degree, finds him guilty of an offense unknown to the law.   The Thomas case, supra, was reversed on the informality of the verdict, because it failed to find the specific degree of murder; otherwise it was practically the same verdict as the one in this case.   We believe that the verdict is not only sufficient and intelligible, but in form it is good. As there is no such offense as accomplice, it would follow that whenever a party is charged with being an accomplice it must be to some particular offense, as murder or rape, or robbery, or any other offense that may be denounced by the statute, and the punishment of the party is the same as that of the principal actor.   Therefore, it takes two facts to constitute the accomplice guilty; first, that he advise the principal to commit the offense and second, that the principal did commit it: the accomplice not being present and aiding.   It occurs to us that it would be necessary to charge in the indictment that the party was an accomplice to a specific offense committed by his principal.   It would also necessarily follow that, in order to constitute him guilty, the principal must commit the offense, and the offense having been committed by the principal, the accomplice is guilty of such offense.   If this is correct, then the specification in the verdict by the jury that they find the

accomplice guilty as such accomplice of the offense of which the principal is guilty, would be in conformity with the allegations in the indictment and with the requirements of the statute.

We believe the testimony is sufficient to justify the jury in finding their verdict. These are the questions submitted by appellant in his brief. Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*