## A. H. BEAZLEY v. THE STATE.

No. 14506. Delivered November 18, 1931.

The opinion states the case.

*Vickers & Campbell,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful transportation of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for two years.

No statement of facts accompanies the record. The state's testimony, as set out in bill of exception No. 1, is in substance that two witnesses learned that the appellant was about to deliver some whisky at the Hilton Hotel. They saw him near the Hilton Hotel in an automobile. He stopped in an alley. They arrested him as he was walking towards the Hilton Hotel with a brief case in his hand. In the brief case there was found a half-gallon fruit jar filled with whisky, also a pistol. The state introduced no additional evidence.

The appellant did not testify, but introduced his wife, who gave testi-

money that she had information that one Jones was sick and desired whisky, and requested that she obtain it. She suggested that Jones see a doctor. She was called over the telephone by Doctor Castleberry, who told her that Jones was sick and needed whisky and that she or her husband should try to find some whisky for Jones. She gave this information to the appellant. He and his wife went to Hugh Walker's place, purchased a half-gallon jar of whisky, placed it in the brief case and drove to their home, where Mrs. Beazley remained. The appellant left in his car for the Hilton Hotel.

The appellant's attorney called the jury's attention to a pagraph of the court's charge in which the following appears: "Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant, A. H. Beazley, did on or about the time and place alleged in the indictment, transport spirituous liquor capable of producing intoxication, and you further find and believe that such spirituous liquor was transported by him, 'in the belief that same was to be used for medicinal purposes, that is, for use as a medicine for Jimmie Jones and G. G. Castleberry, * * * then the defendant would not be guilty of the offense charged in the indictment and you will in such case acquit him."

Counsel for the state, who closed the argument, referred to the paragraph of the charge mentioned, and quoted from it the words, *"in the belief that same was to be used for medicinal purposes",* and said: "Where is the evidence in this record that the defendant believed Castleberry and Jones to be sick and in need of medicine?"

Objection to the remarks was made in the trial court and complaint is here made that by their use there was an indirect reference to the appellant's failure to testify. In the bill it is stated that there was no testimony stating that the accuset believed that the whisky was to be used for medicinal purposes.

It is conceived that the testimony of Mrs. Beazley introduced by the appellant was the evidence upon which the favorable charge of the court quoted above was predicated, and the language embodied in such charge was in substance the same as that which the court was requested to give by the appellant in special charge No. 1, which reads thus: "You are instructed that if you believe from the evidence in this case, or if you have a reasonable doubt thereof that the defendant was informed that Jimmie Jones was sick and needed some whisky, and that it was the purpose of the defendant to deliver the whisky in question to said Jones or to Dr. Castleberry for him, then defendant would not be guilty of any offense herein, and you will acquit him."

The charge referred to by both counsel for the appellant and the state and of which complaint was made in argument, being in the record upon the invitation of the appellant and without objection by him, furnished a proper subject of comment, and the remarks of counsel of which com–

plaint is made are deemed not to have transgressed the rule of legitimate argument; nor did they impinge the rights of the appellant under article 710, C. C. P., which is to the effect that the silence of the accused upon the trial shall not be made the subject of comment. See Branch's Ann. Tex. P. C., p. 1089, sec. 1946, and cases there collated, among them Carbough v. State, 49 Texas Crim. Rep., 452, 93 S. W., 738; Moxie v. State, 54 Texas Crim. Rep., 529, 114 S. W., 375.

Perceiving no error, the judgment is affirmed.

*Affirmed.*