Doyle Sherman Ard v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-283-CR

     DOYLE SHERMAN ARD,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # F33777
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      On New Year’s Eve, Doyle Sherman Ard and Robert Davis were at Ard’s apartment. Both
were intoxicated. Ard got a pistol and discharged it twice, seriously injuring Davis’s finger. Ard
was indicted for assault with a deadly weapon. The issue at trial was whether Ard’s shooting of
Davis was an accident, or an intentional or knowing act.
      The State called three witnesses at trial: Davis and two police officers. Davis said Ard put
the gun to Davis’s head and cocked it; but Davis was able to avoid being shot by “thr[owing] [his]
right hand up to grab the gun away from [Ard] and that’s when it went off,”


 shooting Davis in
the finger. Ard fired again as Davis went down the hall, and that bullet grazed his arm. For the
defense, Ard called his mother to testify that Davis told her the incident was an accident, and a
medical-records custodian to testify about Davis’s hospital records; he also recalled Davis and one
of the officers. Finally, he introduced a tape-recording, which was played to the jury, of an
interrogation of him by a police officer after the shooting. On the tape, Ard said repeatedly he
did not remember what happened, including shooting Davis: “It’s just black, I can’t remember.” 
The jury convicted Ard and, after finding that he had two prior felony convictions, assessed
punishment at forty years in prison.
      On appeal Ard asserts: (1) ineffective assistance of counsel; (2) an improperly admitted tape-recording of the interrogation of him by the officer; and (3) factually insufficient evidence.
      We will affirm the judgment.
Ineffective Assistance of Counsel
      Ard points out the following alleged erroneous acts by his trial counsel, which are confirmed
by the record:•During voir dire, Counsel strongly suggested to the jury, by repeated inquiries about
their attitudes toward punishing a “hypothetical” defendant who has previous convictions,
that Ard had two previous felony convictions. (Reporter’s Record: V. 2, pp. 114, 117,
126-35, 141-42, 146-47, 149, 153-54, 167, 172)
 
      •    During his opening statement, counsel told the jury that Ard had two previous felony
convictions, one in 1985 and one in 1988. (Reporter’s Record: V. 3, p. 17)
 
      •    During the guilt–innocence phase, the State attempted to introduce the tape-recording of
the interrogation of Ard by the officer. Defense counsel successfully objected that a
proper predicate had not been laid. Later, defense counsel introduced the tape-recording
which was played to the jury. In the tape, Ard admitted that he had served two years in
prison for assault with a weapon, the “same kind of trouble” as in this case.



 
      Texas courts follow the United States Supreme Court's two-pronged Strickland test to
determine whether counsel's representation was so inadequate as to be in violation of the Sixth
Amendment right to effective assistance of counsel. Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999) (citing Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986), which
adopted the standard in Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80
L.Ed.2d 674 (1984)). Appellant must show: (1) counsel's assistance fell below an objective
standard of reasonableness, and (2) counsel's deficient assistance, if any, prejudiced the defendant. 
Thompson, 9 S.W.3d at 812 (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996)). This two-pronged test is the “benchmark for judging whether counsel's conduct so
undermined the proper functioning of the adversarial process that the trial cannot be relied on as
having produced a reliable result.” Thompson, 9 S.W.3d at 812-13 (citing McFarland v. State,
845 S.W.2d 824, 843 (Tex. Crim. App. 1992) (quoting Strickland, 466 U.S. at 686, 104 S.Ct.
at 2064)). There is a strong presumption that counsel’s performance fell within the wide range
of reasonable professional assistance. Id. at 813 (citing Strickland, 466 U.S. at 690, 104 S.Ct.
at 2066). Appellant must prove ineffective assistance by a preponderance of the evidence. Id.
(citing Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).
      The State’s case rests primarily on the credibility of Davis’s eyewitness testimony. To convict
Ard, the jury had to believe Davis’s testimony and conclude that Ard intentionally or knowingly
shot him. But Davis, an unemployed veteran on disability who was in “a lot of pain most of the
time,” admitted to being depressed at the time of the incident because of personal problems,
having two convictions for driving while intoxicated, for one of which he was currently on
probation, having two prior misdemeanor convictions for theft, having been involved with drugs
in the past, and being intoxicated at the time of the incident. He also testified that initially he
thought the shooting was an accident and he told the treating physician so, but after having
nightmares about it, he came to believe it was intentional.


 For all these reasons, his testimony
was controvertible.
      Because the credibility of the State’s one incriminating witness was impeachable, for the jury
to learn that Ard had prior felony convictions, especially when one was for an aggravated assault,
had the potential to be highly damaging. And for Ard’s counsel to be the source of the
information would appear to fall below an objective standard of reasonableness. Sometimes,
however, conduct that appears to be below average is based on trial strategy. There is a
presumption that the challenged act by defense counsel is trial strategy. Pena-Mota v. State, 986
S.W.2d 341, 346 (Tex. App.—Waco 1999, no pet.) (citing Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994)). Because we cannot determine from this record why defense counsel
acted as he did, we must presume he was following a strategy he thought reasonable under the
facts. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Consequently, we find that
defense counsel’s acts did not fall below an objective standard of reasonableness. Thompson, 9
S.W.3d at 812.
      We overrule this issue.
Tape-Recording
      Ard introduced a tape-recording, played to the jury, of an interrogation of him by a police
officer after the shooting. On the tape, Ard said repeatedly he did not remember what happened,
including shooting Davis. But he also admitted that he had served two years in prison for assault
with a weapon, the “same kind of trouble” as in this case. On appeal, Ard argues that the tape
was more prejudicial than probative and should not have been admitted.
      The problem with Ard’s argument is transparent. It was he who introduced the tape into
evidence, and he did not request that it be redacted or that a limiting instruction be given. Our
criminal law recognizes a rule of estoppel called the “doctrine of invited error” which generally
prohibits a party from complaining on appeal of an action he requested. Prystash v. State, 3
S.W.3d 522, 531-32 (Tex. Crim. App. 1999) (overruling Powell v. State, 897 S.W.2d 307, 315
(Tex. Crim. App. 1994) (defense procured the absence of a special issue in the charge)). Said
another way, “error” cannot be predicated on an act the complaining party affirmatively sought. 
Id. The doctrine applies in many contexts. E.g., id. (citing Carbough v. State, 49 Tex. Crim.
452, 455-56, 93 S.W. 738 (1906) (jury charge: a party may not “take advantage of his own
wrong”)); Mann v. State, 850 S.W.2d 740, 741-42 (Tex. App.—Houston [14th Dist.] 1993, pet.
ref’d) (defendant may not later attack defect in stipulation of evidence after representing that the
court could rely on it); Ex parte Hargett, 827 S.W.2d 606, 607 (Tex. App.—Austin 1992, pet.
ref’d) (defendant seeking habeas relief may not complain of lack of evidentiary hearing when
defendant requested that the merits be determined solely on basis of trial transcript).
      We overrule this issue.
Factual Sufficiency of the Evidence
      The standard of review for a factual sufficiency claim, which is derived from Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996), is set forth in Johnson v. State, 23 S.W.3d 1 (Tex.
Crim. App. 2000). The reviewing court “asks whether a neutral review of all the evidence, both
for and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof” “to the extent that the [finding of guilt] is clearly
wrong and manifestly unjust.” Johnson, 23 S.W.3d at 11. The court does not view the evidence
through the prism of “in the light most favorable to the prosecution.” Id. at 7 (quoting Clewis,
922 S.W.2d at 129). The trier of fact is the sole judge of the weight and credibility of the
testimony. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). A bedrock
principle of a factual sufficiency analysis is deference to the findings of the jury or other fact
finder. See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Thus, we should be
on guard not to substitute our own judgment in these matters for that of the trier of fact. See
Santellan, 939 S.W.2d at 164. "A decision is not manifestly unjust merely because the jury [or
fact finder] resolved conflicting views of the evidence in favor of the State." Cain, 958 S.W.2d
at 410.
      Ard’s argument is that there were some inconsistencies in Davis’s testimony at trial. 
However, faced with Davis’s testimony, including the inconsistencies, and Ard’s testimony, the
jury—the sole judge of the weight and credibility of the testimony—made a credibility
determination, and believed Davis. Santellan, 939 S.W.2d at 164. Also, the unrefuted physical
evidence is that Davis was shot twice with a .357 magnum, Ard owned a .357 magnum which was
found a few feet from him and which had two spent rounds, and there was no one else present
during the shooting. Based on the evidence, we do not find that the verdict is “clearly wrong and
manifestly unjust.” Johnson, 23 S.W.3d at 11.
      We overrule this issue.
Conclusion
      Having overruled Ard’s issues, we affirm the judgment.



                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 30, 2002
Do not publish
[CRPM]