Opinion filed October 24, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00313-CR

_____

## SANTA MARIA AGUIRRE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR35449**

## MEMORANDUM OPINION

The jury found Santa Maria Aguirre guilty of the offense of theft of property represented to be stolen by a law enforcement agent and assessed punishment at confinement in a state jail facility for a term of two years and a fine of $9,000. Based on the jury's recommendation, the trial court suspended the imposition of

the sentence, placed Appellant on community supervision for five years, and required Appellant to pay the fine.

Appellant urges one issue on appeal: the trial court erred in failing to disqualify Appellant's attorney because he represented two additional codefendants charged with the same offense and, therefore, had an incurable conflict of interest that resulted in ineffective assistance of counsel. Because Appellant expressly waived the claimed conflict in a hearing before trial, we affirm the trial court on the doctrine of invited error.

## Background Facts

Before Appellant's trial, the State filed a motion to disqualify Steve Hershberger as Appellant's counsel because he also represented two of her codefendants who had been indicted for the same offense. There was ample time for Appellant to consider this motion. The trial court first set a hearing on the motion for May 15, 2009, then reset the hearing for May 29, and again reset the hearing for June 12. Although the hearing was not recorded, it appears that all three defendants charged with the crime were at the hearing. On June 22, 2009, the trial court signed and filed the following order:

> The Defendants' willingness to waive the ostensible conflict in having one attorney represent all three is permissible and it renders unnecessary the disqualification of Mr. Hershberger.

## Analysis

Although the trial court referred to Appellant waiving a right, the analysis of the issue before this court begins with whether she can now complain of an action that she requested as opposed to the rules for waiver. The doctrine of invited error is properly thought of, not as a species of waiver, but as estoppel. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). The *Prystash* court noted that the Court of Criminal Appeals had pointed out the relationship between the

2

doctrines of estoppel and invited error in the early case of *Carbough v. State*, 93 S.W. 738 (Tex. Crim. App. 1906):

> Where a party by a request for a ruling leads the court into error, he should be precluded from claiming a reversal of the judgment by reason of the error so committed. To hold otherwise would be to permit him to take advantage of his own wrong.

*Id.* at 531. Under the doctrine of invited error, Appellant is estopped from complaining that her counsel rendered ineffective assistance of counsel due to the purported conflict of interest.

Even if the doctrine of invited error were not conclusive, the State correctly points out the standard of review that applies when an appellant asserts that ineffective assistance of his counsel is based on a conflict of interest. Under that standard, an appellant must show (1) that trial counsel "actively represented conflicting interests" and (2) that counsel's performance at trial was "adversely affected" by the conflict of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350 (1980); *Acosta v. State*, 233 S.W.3d 349, 353 (Tex. Crim. App. 2007). A showing of a potential conflict of interest is not sufficient to constitute an actual conflict of interest. *Routier v. State*, 112 S.W.3d 554, 584–85 (Tex. Crim. App. 2003). An actual conflict of interest exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests to the detriment of his client's interest. *Acosta*, 233 S.W.3d at 355.

Appellant admits that the representation of codefendants by a single attorney does not always violate the guarantee of effective assistance of counsel and that the mere possibility of a conflict is insufficient to impugn a criminal conviction. *See Cuyler*, 446 U.S. at 350. Appellant speculates as to various possibilities that could have occurred if Appellant's trial attorney had called her codefendants as witnesses. A potential conflict may become an actual conflict; however, we

3

decline to speculate about a strategy that an attorney might have pursued, but for the existence of a potential conflict of interest, in the absence of some showing that the potential conflict became an actual conflict. *Routier*, 112 S.W.3d at 581–82. Appellant was required to show that an actual conflict of interest existed and that trial counsel actually acted on behalf of those other interests during the trial. *Acosta*, 233 S.W.3d at 355. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

TERRY McCALL

JUSTICE

October 24, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.