

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARIO ERNESTO MARTELL, | § | No. 08-18-00180-CR |
| Appellant, | § | Appeal from the |
| v. | § | 1st Criminal District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#990D03958) |

**O P I N I O N**

This case arrives back to us on remand from the Texas Court of Criminal Appeals. In our initial opinion, we reversed the trial court's revocation of Appellant Mario Ernesto Martell's deferred-adjudication community supervision because it failed to properly apply the due-diligence affirmative defense found in Texas Code of Criminal Procedure article 42A.109. *Martell v. State*, 615 S.W.3d 269, 276-77 (Tex. App.—El Paso 2020, pet. granted), *rev'd*, No. PD-1234-20, 2022 WL 1548020, at *5 (Tex. Crim. App. May 11, 2022). The Court of Criminal Appeals vacated our opinion and remanded it with instructions to consider the State's argument that Martell is estopped from using the due diligence affirmative defense. *Martell*, 2022 WL 1548020, at *5. After additional briefing from both parties on the estoppel issue, we find that estoppel as currently

defined by the Court of Criminal Appeals does not prevent Martell from asserting the defense. As a result, we reverse and remand.

## I.  BACKGROUND

We provided a detailed factual background of this case in our initial decision. *Martell*, 615 S.W.3d at 271-73. Here, for the purpose of brevity, we will only provide those facts relevant to the State's estoppel issue.

In October 1999, Martell pled guilty to unlawful possession of marijuana in an amount greater than five pounds but less than fifty pounds. Based on Martell's plea, the trial court entered a judgment "deferring further proceedings without entering an adjudication of guilt" and placed Martell on community supervision for four years. The terms of Martell's community supervision, which are incorporated by reference into the trial court's judgment, state that Martell "may live in Juarez, [Mexico]." It is undisputed in the record that Martell lived in Mexico until around 2010, at which point he moved to El Paso. The terms also require that Martell "[p]ermit [his] Supervising Officer to visit [him] at [his] home address or elsewhere." He was also required to report to his supervision officer with the West Texas Community Supervision and Corrections Department (the Department) every month in El Paso, Texas. Neither at the trial court nor on appeal has Martell claimed that either the judgment or the terms of community supervision are invalid.

The critical facts underlying the trial court's revocation of Martell's deferred-adjudication community supervision are undisputed. As an initial matter, Martell does not dispute that he violated the terms of his community supervision when he stopped reporting to his supervision officer only a few months after judgment was entered against him. Further, the evidence presented to the trial court shows the Department tried to re-establish supervision of Martell by sending two letters to his home address in Mexico and attempted to call him on his home phone number. The

2

Department's file on Martell does not, however, reflect that any attempts were made by the Department or any other law-enforcement agency to contact Martell in person at his address in Mexico. Indeed, the evidence before the trial court established that the Department does not have jurisdiction to go into Mexico to conduct home visits.

After Martell did not respond to the Department, it considered him an absconder and submitted violation notices to the District Attorney's Office so it could seek revocation of his community supervision. In March 2002, the State filed a motion to adjudicate guilt alleging Martell failed to report from December 1999 through December 2001, among other violations not at issue in this appeal, and the trial court issued a capias for his arrest. Martell, however, was not arrested until August 2017.

Martell argued at the revocation hearing that the due-diligence affirmative defense found in article 42A.109 prevented the State from revoking his deferred-adjudication community supervision because there was no evidence the State attempted to contact him in-person in Mexico. The State responded that it "had no jurisdiction in Mexico" and urged the trial court to not give Martell a pass for violating the terms of his community supervision because he lived in a different country. The trial court held it did not think it was in the interest of justice to allow Martell to assert the due-diligence defense:

> So I want to make sure that I put it on record that I did consider the arguments on the due diligence. And that in chambers, I did tell both sides that the fact that Mr. Martell had been given permission to reside in Mexico, that I didn't feel that it was in the interest of justice to allow him to use that also as a reason to bring up the due diligence was not done like it would have been done if he had been residing here in El Paso County.

3

The trial court then revoked Martell's community supervision, adjudicated him guilty, and sentenced him to ten years of regular community supervision, and ordered that he remain in El Paso for the duration of his sentence.

In the first appeal to this Court, the State argued the due-diligence defense did not apply because the law does not require the doing of a futile act. *See Martell*, 615 S.W.3d at 275. Specifically, it argued that because the Department and other Texas law-enforcement entities do not have jurisdiction to conduct home visits in Mexico it should not be required to strictly comply with the dictates of article 42A.109. *Id.* Disagreeing with the State, we held we do not have the power "to carve out an exception to the statutory due-diligence affirmative defense based on case-specific factual concerns . . . ." *Id.* at 276. As a result, we found the due-diligence defense applied and the undisputed facts established "that no supervision officer, peace officer, or other officer attempted in-person contact with Martell" at his home address. *Id.* Because Martell satisfied his burden of proving the due-diligence defense, we reversed the trial court's order revoking Martell's community supervision and adjudicating him guilty. *Id.* at 277.

The Court of Criminal Appeals granted the State's petition for discretionary review, vacated our judgment, and remanded the case to us with instructions to consider the State's estoppel argument. *Martell*, 2022 WL 1548020, at *5. In doing so, the Court of Criminal Appeals noted that while the State did not clearly raise "the issue of estoppel in the court of appeals" it did implicitly raise the issue in both the trial court and on appeal by arguing that Martell "should not be permitted to reap the benefit of receiving special permission to live in another country while also using that benefit as a shield against revocation[.]" *Id*. at *4. It further explained that under the "right ruling, wrong reason" doctrine, we are required to uphold the trial court's ruling "if it is

correct 'on any legal theory applicable to the case, even one that was not mentioned by the trial court or the appellee.'" *Id.*

On remand, we allowed both parties to provide additional briefing on the estoppel issue. We now find that estoppel, as currently applied by the Court of Criminal Appeals, does not bar Martell from asserting the due-diligence affirmative defense.

## II. ISSUE ON APPEAL

The only issue currently before the Court is whether Martell is estopped from asserting the due-diligence affirmative defense found in article 42A.109 of the Texas Code of Criminal Procedure because he was permitted to live in Mexico during the terms of his community supervision. Before addressing that issue, however, we briefly address Martell's three reasons in which he contends we should not consider the State's estoppel arguments: first, that it was not argued at the trial court level; second, because it was not so argued, the trial court did not rely on it for its ruling; and finally, to consider it now would work a manifest injustice.

## III. DISCUSSION

### A. Standard of review

The standard of review is provided in detail in our initial decision. *Martell*, 615 S.W.3d at 273-74. In short, we review a trial court's decision to revoke deferred-adjudication community supervision for an abuse of discretion. *Id.* at 273, *citing Pena v. State*, 508 S.W.3d 599, 604 (Tex. App.—El Paso 2016, pet. ref'd). An abuse of discretion may occur where the trial court revokes community supervision for an inappropriate reason. *Id.* As instructed by the Court of Criminal Appeals, however, we are required to uphold the trial court's ruling if it is correct "'on any legal theory applicable to the case,'" even if the theory was not mentioned or considered by the trial court or the State. *Martell*, 2022 WL 1548020, at *4.

5

## B. Preliminary consideration

As a preliminary matter, Martell urges us to not consider the State's estoppel arguments "because it was not an applicable legal theory to the trial court's ruling" and applying estoppel at this stage of the appellate process "would work a manifest injustice against [Martell]." These same arguments were considered and rejected by the Court of Criminal Appeals. *Id.* We are bound by the Court of Criminal Appeal's holding. *See Crenshaw v. State*, 424 S.W.3d 753, 755 (Tex. App.—Fort Worth 2014, no pet.). Therefore, we deny Martell's argument that we should not consider the State's estoppel arguments.

## C. Analysis

Article 42A.109 provides an affirmative defense to a revocation of community supervision for a violation based on failure to report to a supervision officer if the State does not attempt to contact the defendant *in person* at the defendant's last known address:

> For the purposes of a hearing under Article 42A.108 [to determine whether a condition of community supervision was violated], it is an affirmative defense to revocation for an alleged violation based on a failure to report to a supervision officer as directed…that no supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation contacted or attempted to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of deferred adjudication community supervision was entered.

TEX. CODE CRIM. PROC. ANN. art. 42A.109. It is undisputed in the record that (1) Martell violated the terms of his community supervision when he stopped reporting to his supervision officer, and (2) the Department's files do not reflect that any State official attempted to contact Martell *in person* at his last known home or work address. Consequently, as established in our initial opinion, the due-diligence defense should have been applied by the trial court to prevent the revocation of Martell's deferred-adjudication community supervision. *Martell*, 615 S.W.3d at 276-77.

6

In its supplemental brief to the Court, the State argues that Martell should be estopped from asserting the due-diligence affirmative defense. It relies on three theories of estoppel in support of its position: (1) invited error; (2) estoppel by contract; and (3) estoppel by judgment. We consider each of these in turn.

## 1. Invited error

"The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental." *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011). A party is, therefore, "estopped from seeking appellate relief based on error that it induced" in the trial court. *Id.* "Related civil cases have held that in order for this doctrine to apply, the party who allegedly invited the error must have deliberately and 'unequivocally taken a position in the trial court that is clearly adverse to its position on appeal.'" *State v. Alaniz*, No. 13-15-00554-CR, 2016 WL 6804459, at *4 (Tex. App.—Corpus Christi-Edinburg Nov. 10, 2016, no pet.) (mem. op., not designated for publication), *quoting In re Dept't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009) (orig. proceeding), *superseded by statute on other grounds as recognized by Interest of G.X.H.*, 627 S.W.3d 288, 299 (Tex. 2021).

The doctrine commonly arises in the criminal context when a defendant appeals a portion of a trial court's jury charge that he expressly asked for. For example, in *Prystash v. State*, 3 S.W.3d 522, 529-30 (Tex. Crim. App. 1999), the trial court omitted on the defendant's request a question to the jury during the punishment phase regarding his level of culpability. The defendant then argued on appeal the trial court erred in granting his request. *Id.* at 530. The Court of Criminal Appeals held the doctrine of invited error prohibits a defendant from complaining on appeal of a trial court's order that he requested. *Id.* at 532. "To hold otherwise would be to permit him to take

advantage of his own wrong." *Id*. at 531, *quoting Carbough v. State*, 93 S.W. 738, 739 (Tex. Crim. App. 1906).

The doctrine of invited error does not apply to the current case. The State argues that Martell "asked for, and received from the trial court, the special consideration of being allowed to live and work in Mexico." "By inducing that action by the trial court," according to the State, "Martell should not be able to avail himself of the due-diligence defense . . . ." The State, however, is confusing the issue. Neither party is advocating, either at the trial court level or on appeal, that it was error for the trial court to permit Martell to live in Mexico during his term of community supervision. The issue is whether the State performed the due-diligence required of it by article 42A.109. And Martell maintains the same position on appeal that he did before the trial court: that the State failed to meet its obligations. As a result, Martell is not taking a position on appeal adverse to the arguments he made before the trial court. *Woodall*, 336 S.W.3d at 644. Consequently, we conclude the doctrine of invited error does not apply.

### 2. Estoppel by contract

The State argues that Martell is estopped by contract from asserting the due-diligence defense. While the State correctly establishes that the terms of community supervision signed by both the trial court and Martell is contractual in nature, it does not provide any argument about how the contract prevents Martell from claiming the State did not meet its obligations under article 42A.109. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987) ("It should be borne in mind that it is well established that the relationship between the court and the probationer is contractual in nature."). Instead, it conclusively asserts that "a party who accepts the benefits under a contract is estopped from questioning the contract's existence, validity, or effect." Martell

counters that estoppel by contract does not apply because he "has never questioned the contract's existence, validity, or effect[.]"

We agree with Martell. In *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007), the Court of Criminal Appeals defined estoppel by contract as preventing a party who accepts benefits under a contract from later "questioning the contract's existence, validity, or effect." In *Dansby v. State*, 468 S.W.3d 225, 233 (Tex. App.—Dallas 2015, no pet.), in a case similar to ours, our sister court held the doctrine of estoppel by contract does not apply unless the appellant is "challenging the legality of the terms of his contract, that is, the conditions of his community supervision." Martell is not challenging the legality of the terms of his community supervision. Instead, he is asserting that the State did not do the due diligence required of it by article 42A.109 to attempt to contact him in person. We, therefore, conclude the doctrine of estoppel by contract does not apply.

### 3. Estoppel by judgment

The last theory of estoppel the State relies on is estoppel by judgment. The Court of Criminal Appeals defined estoppel by judgment in *Rhodes* as estopping "'[o]ne who accepts the benefits of a judgment, decree, or judicial order" from "deny[ing] the validity or propriety thereof, or of any part thereof, on any grounds; nor can he reject its burdensome consequences.'" *Rhodes*, 240 S.W.3d at 891. Estoppel by judgment "arises not when the person voluntarily agrees to the judgment, but when the person voluntarily accepts its benefits after the judgment issues," which can occur with or without an agreement. *Deen v. State*, 509 S.W.3d 345, 350 (Tex. Crim. App. 2017); *see also Gutierrez v. State*, 380 S.W.3d 167, 178-79 (Tex. Crim. App. 2012) ("As for estoppel by judgment, in addition to the above public-policy considerations, we note that appellate

courts in Texas have consistently held that, before that doctrine may apply, an appellant's acceptance of the benefits of the judgment must be voluntary.").

The State argues that estoppel by judgment applies because Martell voluntarily accepted the benefit of the trial court's judgment that allowed him to live in Mexico during the term of his community supervision. Martell responds that the record is silent regarding "whether [he] requested special permission to reside in Mexico . . . ." Martell, however, misunderstands the nature of estoppel by judgment. In *Gutierrez*, the Court of Criminal Appeals indicated that because terms of community supervision are dictated by the trial court instead of a product of negotiation, a defendant ordinarily cannot be said to have voluntarily accepted the benefits. *Gutierrez*, 380 S.W.3d at 179. The court clarified its position in *Deen*, however, by stating that estoppel by judgment turns on the voluntary *acceptance* of the benefits of a judgment, which can occur without a negotiated agreement. *Deen*, 509 S.W.3d at 350. The *Deen* court stated that the only circumstance the court had found to constitute involuntary acceptance of a benefit was in *Gutierrez*, where the trial court imposed an illegal term of supervision on a mother with special needs children who "had no realistic choice but to accept the illegal condition." *Id., citing Gutierrez*, 380 S.W.3d at 170-79.

Martell's circumstances are different than those found in *Gutierrez*. The record establishes that Martell's terms of community supervision—which were incorporated by reference into the trial court's judgment accepting his plea—state that Martell "may live" in Mexico. There is nothing in the record indicating that this term was or is illegal. Further, it is undisputed on the record that Martell, who is an American citizen and could have stayed in the United States, lived in Mexico until 2010. Consequently, we find that Martell voluntarily accepted the benefits of the trial court's judgment.

10

Martell's voluntary acceptance of the benefits of the judgment does not, however, end our inquiry. Estoppel by judgment prevents a party benefiting from a judgment from later denying its validity or "reject[ing] its burdensome consequences." *Rhodes*, 240 S.W.3d at 891. For example, in *Rhodes*, the defendant argued that his prior conviction for escape could not later be used for enhancement purposes because the judgment was void when the trial court illegally ran his sentence concurrently with his other sentences instead of cumulatively as required by statute. *Id.* at 884. The *Rhodes* court applied the doctrine of estoppel by judgment in holding that a "defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Id.* at 892. Similarly, in *Deen*, the defendant collaterally attacked the validity of a prior conviction for aggravated robbery on the basis that the trial court sentenced him to prison for four years instead of the statutory minimum five years. *Deen*, 509 S.W.3d at 346-48. The *Deen* court held the defendant was estopped from attacking the validity of his prior judgment after he "accepted the benefit of his illegally lenient sentence . . . ." *Id.* at 351.

Here, while Martell is asserting article 42A.109's due-diligence defense to preclude his revocation, he is not denying the validity of the trial court's judgment. Further, while the *Rhodes* court indicated that estoppel by judgment can prevent a defendant from rejecting a judgment's "burdensome consequences," the State has not provided, and we have not independently found, any Texas case law in which estoppel by judgment has been successfully applied outside a collateral attack on the validity of a judgment as seen in *Rhodes* and *Deen*. Specifically, the State has not identified, and we have not independently found, any Texas case law in which a criminal defendant was estopped by a judgment from asserting a statutorily-prescribed right as we are urged to do here. As a result, we find that estoppel by judgment does not apply.

11

We understand that estoppel is a flexible doctrine that may be adjusted to fit a variety of circumstances. *Rhodes*, 240 S.W.3d at 891. Today, however, we limit the application of the doctrine of estoppel to those situations in which the Court of Criminal Appeals has expressly said it applies. And we find that no currently recognized theory of estoppel as applied in the criminal context prevents Martell from asserting the due-diligence affirmative defense found in article 42A.109 of the Texas Code of Criminal Procedure. As a result, we overrule the State's only issue.

## IV. CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment adjudicating Martell's guilty and remand the cause to the trial court with instructions to dismiss the motion to adjudicate.


GINA M. PALAFOX, Justice

November 15, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Publish)

12